MARY HOWELL, as Administratrix, etc., Respondent, *v.* THOMAS R. WRIGHT, Appellant.

In an action upon a promissory note, the defense was want of consideration. The evidence on this issue was conflicting. There was sufficient to support a finding of a good consideration. Both parties asked the court to direct a verdict in their favor. The court directed a verdict for plaintiff; after such verdict had been rendered, defendant moved for a new trial and, his motion having been denied, asked to go to the jury upon the question of consideration and, his request being refused, excepted. *Held,* that the exception was not available, as the request came too late.

(Submitted October 31, 1890, decided December 2, 1890.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department, entered upon an order made July 1, 1887, which affirmed a judgment in favor of plaintiff entered upon a verdict directed by the court and affirmed an order denying a motion for a new trial.

The following is an extract from the opinion:

" The action is founded upon a promissory note made and delivered by the defendant, which is in words and figures following, viz.:

' $1,535.55.

' FULTON, OSWEGO COUNTY, NEW YORK, *Sept.* 3, 1884.

' Six months after date, I promise to pay Lorenzo Howell, or bearer, fifteen hundred thirty-five & $\frac{55}{100}$ dollars, at the residence of T. R. Wright in Oswego Falls, value received, with use. T. R. WRIGHT.'

" The defense interposed was that the note was without consideration, and that it was available against the plaintiff because the transfer of the note to him took place after its maturity. The trial court directed a verdict for the plaintiff. The defendant's position on this appeal is stated in the appellant's points in the following language: ' The court erred in ordering a verdict for the plaintiff, in refusing defendant's request to leave to the jury the question whether there was a valid consideration for the note and whether the payee transferred the note to the plaintiff before maturity. If there was evidence sufficient to authorize the submission to the jury of the question of consideration, then both questions should have been submitted, and the judgment should be reversed and a new trial granted. Otherwise the judgment should be affirmed.'

" But this question is not before us if there was evidence authorizing a finding that the note was given upon sufficient consideration, for when the evidence closed plaintiff moved for a direction of the verdict, and the defendant also assumed that as to the consideration there was no question for the jury, for he too requested the court ' to charge the jury to render a verdict in favor of the defendant.'

" The court thereupon directed a verdict, but in favor of the plaintiff.

"After the verdict had been rendered the defendant moved for a new trial, which was denied. Then, and for the first time, the defendant asked to go to the jury upon the question of consideration.

" His request was too late, and the exception taken presents no question for review. There was evidence to support the determination of the court that the note was given upon a sufficient consideration."

*William B. Fuller* for appellant.

*Giles S. Piper* for respondent.

Agree to affirm; no opinion.

PARKER, J., reads for affirmance.

All concur, except FOLLETT, Ch. J., and VANN, J., not sitting.

Judgment affirmed.