JOHN V. CARR, Appellant, v. TIMOTHY SULLIVAN and Another, Respondents.

*Sale of personal property — failure to conform in quality to an executory contract for its delivery — unconditional acceptance — request for the direction of a verdict, effect thereof.*

After the giving by a vendee, and the acceptance by the vendor, of an order for the future delivery of a carload of elm lumber of the qualities known as "firsts" and "seconds," at a certain place, the lumber was delivered to the vendee's agent at the place designated, and was then reported by the agent to the vendee as not being of the qualities ordered; the vendee, notwithstanding such report, without complaint or notice to the vendor, directed his agent to sell the lumber, which he did.

*Held,* that this was an unconditional and unqualified acceptance of the property and precluded any recovery thereafter, by the vendee, because of the failure of the property to conform to the terms of the executory contract under which it was delivered.

When counsel for both parties request the court to direct a verdict, all the issues of fact, as well as of law, are to be regarded as submitted to the decision of the court, and no question need be submitted to the jury.

A request for the direction of a verdict is not, necessarily, a waiver of the right to go to the jury, and when such request of either party has been denied, the party who made it may afterwards insist upon his right to go to the jury, if he makes the claim in time; but it is too late to do so after the direction of a verdict has been given.

APPEAL by the plaintiff, John V. Carr, from a judgment of the County Court of Erie county, in favor of the defendants, for $280.38, the amount of a counterclaim and costs, entered in the office of the clerk of Erie county on the 2d day of July, 1892, on

the verdict of a jury directed by the court, and from an order· denying the plaintiff's motion for a new trial, on the minutes of the: court, entered in said clerk's office on the same day.

*Hartzell & Newton,* for the appellant.

*A. C. Calkins,* for the respondents.

Dwight, P. J. :

The action was against the defendants as indorsers, in their firm name, of a promissory note for $294.59, made July 17, 1891, by " L. F. Genet Lumber Co.," payable in three months, to the order of the defendants, for lumber sold by them to the maker, and indorsed by them for discount at a bank in Buffalo. The note, at. its maturity, was dishonored by the maker and protested for non-payment. The defendants then took up the note and shortly after-wards delivered it to the plaintiff on payment by him of the amount, due thereon. The note was said to be lost at the time of the trial, so that it was not produced in evidence, but, it seems, the indorse-ment of the defendants was not erased at the time of its delivery to the plaintiff. By the plaintiff's verified complaint it is alleged that; it was indorsed by the defendants at the time of its delivery to him, but by his testimony on the trial he admits this statement not to be: true.

At this point arises the first issue between the parties. The theory of the plaintiff's case is that this was a purchase by him of the note, as a subsisting obligation against both maker and indorsers ; that of the defendants is that the transaction was a payment of the note by the plaintiff, for the makers, and the evidence on either side tends, to support the theory of each, with a very decided preponderance: in favor of the defendants.

The answer, besides the defense above stated, sets up a counter-claim for the amount of a promissory note of $288, made by the plaintiff to the defendants, for lumber sold by them to him, dated November 21, 1891, less than a month after the alleged purchase by him of the note set up in this complaint. The plaintiff, by his reply, admitted the making and delivery of the note set up by the answer, but claimed to recoup thereon damages for the breach of an alleged warranty by defendants of the quality of the lumber for which the; note was given.

This presented the only remaining issue on the pleadings, and, on the proof, there was clearly no question for the jury. The alleged warranty consisted in the order given by the plaintiff and accepted by the defendants for the future delivery in New York of a carload of elm lumber of the qualities known as "firsts" and "seconds;" and the evidence of the plaintiff, himself, shows that when the lumber was delivered to his agent in New York, and was reported to him by the agent as not being of the qualities ordered, the plaintiff, nevertheless, without complaint or notice to the defendants, directed his agent to sell the lumber, which he did, and the plaintiff made no communication to the defendants on the subject until by his reply in this action. This was an unconditional and unqualified acceptance of the property, and precluded any recovery thereafter for its failure to conform to the terms of the executory contract under which it was delivered. (*Reed* v. *Randall*, 29 N. Y. 358; *Rust* v. *Eckler*, 41 id. 488; *McCormick* v. *Sarson*, 45 id. 265.)

When the evidence was closed the plaintiff's counsel requested that the court direct a verdict for the plaintiff for the amount of the note declared upon in the complaint, which the court declined to do. Defendants' counsel then requested the court to direct a verdict in their favor for the amount of the note set up in the answer, less a drawback for freight which was conceded by the defendants, and the court directed such a verdict to be taken. After that direction had been given, counsel for the plaintiff asked to go to the jury on each of the issues above defined severally, which request was denied; the plaintiff excepted, and a verdict for the defendants was taken as previously directed.

It is now a familiar rule when counsel for both parties request the court to direct a verdict, all the issues of fact, as well as of law, are to be regarded as submitted to the decision of the court, and no question need be submitted to the jury. (*Dillon* v. *Cockcroft*, 90 N. Y. 649.)

It is true that a request for the direction of a verdict is not necessarily a waiver of the right to go to the jury, but when such request of either party has been denied, he may afterwards insist upon his right to go to the jury, if he makes the claim in time. It is manifestly too late to do so after the direction of a verdict has been given. The court has then acted upon the submission to it of all

the questions in the case, and it is too late to withdraw the consent to such submission. (*Howell* v. *Wright*, 122 N. Y. 667.)

There was no error in the disposition made by the court of questions of fact in this case. Upon the second of the issues presented we have already held there was no question for the jury. And upon the first we have already intimated our opinion that there was a clear preponderance of evidence in favor of the defendants.

We find no other exception in the case which requires discussion. The judgment and order appealed from should be affirmed.

All concurred.

Judgment and order of County Court of Erie county appealed from affirmed, with costs.