EDWARD A. ROBBINS, Respondent, *v.* SPRINGFIELD FIRE AND MARINE INSURANCE COMPANY, Appellant.

149  477
d155  184
155  522
149  477
a165  569
f165  572

1. INSURANCE COMPANY'S KNOWLEDGE OF FACTS AT TIME OF ISSUING POLICY. An insurance company will not be permitted to defeat a recovery upon a policy issued by it by proving the existence of facts which would render it void, where it had full knowledge of them when the policy was issued.

2. FIRE INSURANCE — KNOWLEDGE OF AGENT IMPUTED TO COMPANY. When an agent of a fire insurance company is authorized to solicit insurance, issue and cancel policies, receive premiums, remit the same to the company, make surveys and determine how much insurance is to be placed upon property to be insured, his knowledge of facts affecting the validity of a policy issued by him, at the time of issuing it, is the knowledge of the company.

3. KNOWLEDGE OF EXISTENCE OF CHATTEL MORTGAGE ON SUBJECT OF INSURANCE. If, at the time of issuing a policy of fire insurance upon personal property, containing a condition that the policy, unless otherwise provided by indorsement thereon, shall be void if the subject of insurance be or become incumbered by a chattel mortgage, and containing pro-

visions to the effect that no agent of the company shall have power to waive any condition except such as may, by the terms of the policy, be subject to the terms indorsed thereon, and that as to those conditions no agent shall be deemed to have waived any of them, unless the waiver is written upon the policy, the soliciting and issuing agent of the company knows that there is a chattel mortgage on the property, it must be presumed, in an action upon the policy, that if anything was omitted which it was necessary to do to make the policy valid, it was by mistake, or that the condition was waived, or that the defendant company held itself estopped from setting it up, and the company will be barred from claim-. ing that the policy is invalid because of the existence of the chattel mortgage.

*Robbins* v. *S. F. & M. Ins. Co.*, 79 Hun, 117, affirmed.

(Submitted May 1, 1896; decided May 26, 1896.)

Appeal from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made June 20, 1894, which denied defendant's motion for a new trial and directed judgment in favor of plaintiff upon a verdict directed by the court, the exceptions having been ordered to be heard in the first instance at General Term.

This action was brought upon a policy of insurance issued by the defendant to the plaintiff, dated January 28, 1892. It was issued by Harry H. Falkner, who was the defendant's agent at Le Roy, N. Y., and authorized to solicit insurance, issue and cancel policies, receive premiums, remit the same to the company, make surveys and determine how much insurance was to be placed upon property to be insured. The property insured consisted of a steam engine, boiler and other machinery, materials and articles of personal property usually employed in the laundry business, his stock of shirts, collars and gentlemen's furnishing goods, and the shirts, collars and other articles which belonged to others and were held by him for the purposes of his business as a laundryman. His place of business was situated on the north side of Main street in the village of Le Roy. The property thus insured was destroyed by fire on the ninth day of February, 1892, and the amount due under the defendant's policy was adjusted at the sum of $475. The policy contained a provision that "This entire

policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void if the subject of insurance be personal property and be or become incumbered by a chattel mortgage." It also contained the other provisions usually contained in the standard fire insurance policy, among which was a provision making the policy subject to the stipulations and conditions contained in it, and also a provision to the effect that no officer, agent or other representative of the company should have power to waive any condition or provision of the policy, except such as might, by the terms of the policy, be subject to the terms indorsed thereon or added thereto, and that as to those provisions and conditions no officer, agent or representative should be deemed or held to have waived any of them, unless the waiver was written upon the policy.

When the policy was issued there was a chattel mortgage upon the property insured and belonging to him which was given by the plaintiff to one McKay to secure $475, upon which there had been paid $125. On the trial the defendant's counsel stated that no question would be made as to the amount that the plaintiff was entitled to recover for the loss under the policy if a right to recover was established. The plaintiff testified that he had a conversation with the defendant's agent in reference to this mortgage at the time when he applied for the insurance; that the conversation was, "I told Mr. Falkner that I had deposited the money in Lathrop's bank at Le Roy to pay this chattel mortgage and told him I wished to be insured. I told him that the mortgage or this note was held in Geneseo, and the money was obliged to be sent there before it would be paid. And he said, 'Well, if you have deposited the money in the bank I will insure you from noon to-day.' And there was nothing more said about it at that time. I called his attention to this chattel mortgage, and told him that this was the mortgage that I had paid. That was the only mortgage I ever had. I deposited the money to pay it on the 28th day of January." The plaintiff also testified that he did not see Falkner in reference to this insurance

before that day. Falkner was called as a witness for the defendant, and testified that the application for the insurance by the plaintiff was made a few days before January twenty-eighth. His testimony as to what took place upon that occasion is, "That application was made at my office. Mr. Robbins asked me if I could insure his property, and at the same time he says, 'I am all clear now.' I told him I could not if it were chattel mortgaged. He says, 'I am all clear now, or at least I have the money in the bank to pay it and it will be paid immediately.'" Upon his cross-examination he testified: "The only time I had a conversation about the chattel mortgage was the first time, in which he said, 'I am all clear, the chattel mortgage is paid, or I have the money in the bank to pay it, and it will be paid immediately.' That was the way he qualified it."

The evidence of the plaintiff was not contradicted by the defendant's agent, otherwise than as already indicated. There was no direct contradiction or denial of the plaintiff's testimony to the effect that he told Falkner that he had deposited the money in Lathrop's bank at Le Roy to pay the chattel mortgage; that the mortgage or note was held in Geneseo, and the money had to be sent there before it could be paid, and that Falkner said, "Well, if you have deposited the money in the bank I will insure you from noon to-day." The money to pay the mortgage was deposited in the bank at Le Roy at that time, was subsequently sent to the agent of the mortgagee, the mortgage was paid, and it was discharged on the third day of the following month. The policy was delivered by the defendant's agent to the plaintiff on the thirtieth day of January, 1892.

When the testimony was closed the defendant's counsel asked the court, "To direct a verdict for the defendant on the ground that at the time of the issuing of the policy the property insured thereby was incumbered by a chattel mortgage, and that there was no agreement indorsed upon said policy, or added thereto, in reference to such chattel mortgage." That motion was denied, and the defendant duly

excepted. " Plaintiff's counsel thereupon asked the court to direct a verdict in his favor for the sum of $501.61, on the ground that there is no question of fact for the jury. The court thereupon directed the jury to find a verdict for the plaintiff for $501.61, to which direction the defendant duly excepted. The defendant thereupon asked the court to be allowed to go the jury upon the question whether or not, at the time the policy was issued, the agent knew of the existence of the chattel mortgage. Also, whether or not the application was made before the policy was actually issued. Also, upon all the questions of fact in the case. The court refused the request, to which refusal the defendant duly excepted. The jury, by direction of the court, rendered a verdict for the plaintiff for $501.61, and the court ordered the exceptions to be heard at the General Term in the first instance." The General Term denied the defendant's motion for a new trial, and ordered a judgment for the plaintiff upon the verdict. From the judgment entered thereon the defendant appealed to this court.

*William Nathaniel Cogswell* for appellant. The court should have directed a verdict in favor of the defendant upon the ground stated in the motion. (*Forward* v. *C. Ins. Co.*, 142 N. Y. 382; *Quinlan* v. *P. W. Ins. Co.*, 133 N. Y. 356; *Walsh* v. *H. F. Ins. Co.*, 73 N. Y. 10; *Allen* v. *G. A. Ins. Co.*, 123 N. Y. 6.) If the court was right in refusing defendant's request for a direction of a verdict, the case should have been submitted to the jury upon the question whether Falkner knew, at the time of the delivery of the policy, that there was a chattel mortgage upon the property. (*Shultes* v. *Sickles,* 147 N. Y. 705.)

*Bowen & Washburn* and *Walter H. Smith* for respondent. There was no question of fact for the jury to pass upon in this case. (Flanders on Ins. 165.) The knowledge of the agent was the knowledge of the company, and amounted to a waiver of the provision of the policy making it void on account of

the incumbrance. (*Forward* v. *C. Ins. Co.*, 142 N. Y. 382; *Berry* v. *A. C. Ins. Co.*, 132 N. Y. 49; *Cross* v. *Nat. F. Ins. Co.*, 132 N. Y. 133; *Van Schoick* v. *N. F. Ins. Co.*, 68 N. Y. 434; *Woodruff* v. *Imp. F. Ins. Co.*, 83 N. Y. 134; *Lanigan* v. *P. Ins. Co.*, 44 N. Y. S. R. 234; *Whited* v. *G. F. Ins. Co.*, 76 N. Y. 415; *Short* v. *H. Ins. Co.*, 90 N. Y. 16; Wood on Ins. § 88; *Holden* v. *N. Y. & E. Bank*, 72 N. Y. 286; *The Distilled Spirits Case*, 11 Wall. 356.) Delivery of the policy without requiring pre-payment of the premium is a waiver of that condition, and the company is estopped from insisting upon the invalidity of the policy on that ground in an action to recover for a loss. (Wood on Fire Ins. 65, 66, 67, 68, 69; Flanders on Ins. 150, 151; *Boehen* v. *W. C. Ins. Co.*, 35 N. Y. 131; *Van Schoick* v. *N. F. Ins. Co.*, 68 N. Y. 439; *Sheldon* v. *A. F. & M. Ins. Co.*, 26 N. Y. 460; *Bodine* v. *Ex. F. Ins. Co.*, 51 N. Y. 117, 122; *W. T. M. Co.* v. *H. F. Ins. Co.*, 66 N. Y. 613; 4 Wait's Act. & Def. 29, 30.) Both parties asked the court to direct a verdict, and the court did so, without any request by the defendant until after the direction was given that any fact be submitted to the jury. This amounts to an agreement by both sides to have any question of fact that might be in the case decided by the judge. (Baylies' Trial Prac. 230; *Dillon* v. *Cockcroft*, 90 N. Y. 649; *Leggett* v. *Hyde*, 58 N. Y. 272, 275; *Strong* v. *N. Y. L. M. Co.*, 6 Hun, 528; *Mayer* v. *Dean*, 115 N. Y. 556; *Kirtz* v. *Peck*, 113 N. Y. 222; *Lagerquist* v. *U. S. I. Ins. Co.*, 89 Hun, 25; *Carr* v. *Sullivan*, 68 Hun, 246.)

Martin, J. On this appeal two questions are presented for determination. One relates to the regularity of the procedure adopted on the trial. The other involves the correctness of the decision of the trial court upon the merits of the controversy. If the appellant's contention that the procedure adopted was erroneous and requires a new trial is sustained, it will render a decision as to the merits unnecessary. Therefore, the first question to be examined is as to the regularity of the procedure complained of.

On the trial the court directed a verdict for the plaintiff. This was after a denial of the defendant's motion for the direction of a verdict in its favor, and was made upon the request of the plaintiff. To this direction the defendant not only excepted, but thereupon, and before the verdict was actually rendered, requested the court to permit him to go to the jury upon the questions: 1, whether at the time the policy was issued the defendant's agent Falkner knew of the existence of the chattel mortgage; 2, whether the application was made before the policy was actually issued; and, 3, upon all the questions of fact in the case.

It is not apparent how the matters referred to in the second and third questions had any bearing upon the issue in this case. The only one upon which it is even claimed that there was any conflict in the evidence, or as to which there was any dispute between the parties, is whether, when the policy was issued, the defendant's agent knew of the existence of the chattel mortgage. Thus the only question upon this branch of the case is whether the court erred in refusing to submit that question to the jury.

The respondent insists that the appellant is not in a position to raise that question, for the reason that he did not request the court to submit it to the jury until after a verdict had been directed for the plaintiff. The case of *Carr* v. *Sullivan* (68 Hun, 246) seems to sustain that contention. *Howell* v. *Wright* (122 N. Y. 667) is cited in the *Carr* case as sustaining that doctrine, but an examination of the latter shows that the request was not made until the verdict had been rendered and a motion for a new trial denied. Therefore, it cannot be regarded as an authority fully sustaining the doctrine of that case. With our view of the evidence contained in the record, we deem it unnecessary to decide that question, as it is manifest from the undisputed proof that the defendant's agent knew of the existence of the mortgage. Hence, the court properly refused to submit to the jury the questions contained in the defendant's request.

In determining the question whether the court correctly

decided the case upon the merits, it must be assumed that the plaintiff informed the defendant's agent of the existence of the chattel mortgage, stated to him that he had deposited the money to pay it in the bank at Le Roy, apprised him of the fact that the mortgage was held in Geneseo, and the money would have to be sent there before it was paid, and that the agent agreed that if the money was deposited in the bank he would insure the property in question from noon of the day of the date of the policy. That such was the conversation and understanding between the agent and the plaintiff was undisputed, and there having been no request by the defendant to submit to the jury the question of the plaintiff's credibility as a witness, his evidence must be regarded as conclusive. Hence, the precise question is whether the policy was valid if the defendant's agent knew of the existence of those facts.    Having knowledge of all the facts concerning the property and chattel mortgage, unless he intended to waive the condition of the policy relating to mortgaged personal property, or through mistake omitted to make the proper indorsement, he must have intended to commit a fraud upon the plaintiff.    Under these circumstances, it is to be presumed that if anything was omitted which was necessary to make the policy valid, it was by mistake, or that the condition was waived, or the defendant held itself estopped from setting it up. ( *Van Schoick* v. *Niagara Fire Ins. Co.*, 68 N. Y. 434; *Whited* v. *Germania Fire Ins. Co.*, 76 N. Y. 415; *Richmond* v. *Niagara Fire Ins. Co.*, 79 N. Y. 230; *Woodruff* v. *Imperial Fire Ins. Co.*, 83 N. Y. 133; *Short* v. *Home Ins. Co.*, 90 N. Y. 16; *Berry* v. *A. C. Ins. Co.*, 132 N. Y. 49, 58; *Forward* v. *Continental Ins. Co.*, 142 N. Y. 382.) The rule that an insurance company will not be permitted to defeat a recovery upon a policy issued by it by proving the existence of facts which would render it void, where it had full knowledge of them when the policy was issued, is too well established by the authorities in this state to require further discussion.    It is manifest that the facts in this case bring it clearly within the principle of the cases cited. Whether the decisions in this class of cases proceed upon the

charitable theory that the insurance company by mistake omitted to make the required indorsement, or intended to waive the provision regarding it, or upon the idea that its purpose was to defraud the insured, and is for that reason estopped, is of but little consequence, as any one of those theories is sufficient to avoid the defense relied upon in this case. That the knowledge of the defendant's agent was its knowledge is also established by the authorities cited. Therefore, it is obvious that under these authorities the defendant was barred from claiming that the policy was invalid because of the existence of the chattel mortage.

The judgment is manifestly right, and should be affirmed, with costs.

All concur, except HAIGHT, J., not sitting.

Judgment affirmed.