HRONISH, Respondent, v. HOME INSURANCE COMPANY OF NEW YORK, Appellant.

(146 N. W. 588.)

1. **Insurance—Fire Policy—Statutory Form Compulsory—Contract Rights Under.**

    The use of the standard form of fire insurance policy prescribed by Ch. 164, Laws 1909, is compulsory, and must be used in all contracts of fire insurance in this state; its provisions constitute the contract between insurer and insured, and the law governing the rights of the parties.

2. **Insurance—Fire Policy—Standard Form—Provision Against Concurrent Insurance—Waiver—Necessity of Writing.**

    The standard fire policy prescribed by Laws 1909, Ch. 164, provides that the entire policy shall, unless otherwise provided by agreement indorsed or added thereon, be void, if insured

has or shall thereafter procure any other insurance, valid or invalid, on the property covered, that the policy is made and accepted subject to those provisions, that no officer or agent shall have the power to waive any provision or condition, except such as by the terms of the policy may be the subject of agreement indorsed thereon or added thereto, and, as to such provisions and conditions, no officer, agent, or representative of the company shall have such power, or be deemed to have waived such provisions or conditions, unless such waiver is written upon or attached to the policy, and that no privilege or permission affecting the insurance thereunder shall exist unless so written or attached. The previous statutory form (under Laws 1905, Ch. 126) provided that the insurer, in order to avail himself of any provision rendering the policy void, must promptly cancel it, which provision was omitted in Laws 1909. **Held,** in view of that omission, and of the provisions of the new law, that the fact that the insured's agent had knowledge of the procurement of concurrent insurance, and did not attempt to have the policy cancelled, did not constitute a waiver of a breach of the condition, which waiver must be evidenced by a writing indorsed upon or attached to the policy; that said new law establishes a rule of evidence as to what shall constitute such waiver; the provisions against concurrent insurance being for the benefit of the public, intended to lessen the moral risk, and to prevent fraudulent destruction of property.

McCoy, J., and Whiting, J., concurring in the result only.

(Opinion filed March 21, 1914.)

Appeal from Circuit Court, Charles Mix County. Hon. ROBERT B. TRIPP, Judge.

Action by Rudolph R. Hronish against the Home Insurance Company of New York, to recover upon a policy of fire insurance. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

*Boyce, Warren & Fairbank,* for Appellant.

This form of policy is prescribed by statute. The insurance company has to use it. It has no choice in the matter, and the company and the insured canot enter into any agreement different from that prescribed. The form of the policy is part of the law of the state, and everyone is bound to know its terms and conditions.

Under it, the taking out of concurrent insurance invalidates the policy, unless it is agreed to in writing by the company or

its agent, which writing must either be endorsed on the policy or added to it.

Where the concurrent insurance is written after the policy sued upon had been issued, it revokes the policy, and it cannot be waived except as provided in the policy, and the company is not estopped from setting up the defense. Northern Assurance Co. v. Grand View Building Assn. 183 U. S. 308; 46 L. Ed. 313; Atlas Reduction Co. v. New Zealand Ins. Co. 71 C. C. A. 21; 9 L. R. A. (N. S.) 433; 138 Fed. 497; Mulrooney v. Ins. Co. 90 C. C. A. 317; N. Y. Walsh v. Hartford Fire Insurance Co. 73 N. Y. 5; Gibson Elec. Co., v. Liverpool, etc., Ins. Co. 54 N. E. 23; Northern v. Dutchess Co. Ins. Co. 59 N. E. 912; Ga:—Western Assurance Co. v. Williams 21 S. E. 370; N. J.:—Wheeler v. U. S. Casualty Co. 59 Atl. 347; Wis.:—Hankins v. Insurance Company 35 N. W. 34; Woodward v. German American Ins. Co. 106 N. W. 681; Minn.:—Johnson v. American Fire Ins. Co. 43 N. W. 59; Anderson v. Manchester Fire Ins. Co. 28 L. R. A. 609; 50 Am. St. 400; 60 N. W. 1095; Pa.:—Robb v. Miller, etc. Insurance Co. 79 Atl. 150; Kas.:—Burlington Insurance Co. v. Gibbons 22 Pac. 1010; Mich.:—Robinson v. Fire Association 29 N. W. 521; Okl.:—Phœnix Insurance Co. v. Ceaphus 119 Pac. 583; Mont.:—Collins. v. Insurance Co. 80 Pac. 609; Cal.:—Shuggart v. Lycoming Fire Ins. Co. 55 Cal. 408; Ia.:—Ruthven v. American Fire Insurance Co. 60 N. W. 666; U. S.:—Northern Assurance Company, v. Grand View Building Association, 183 U. S. 308; 46 L. E. D. 213.

No officer or agent of the company told Hronish that the policy of the Home Ins. Co. was still in force. The company issued no policy to him.

The company did absolutely nothing to influence Hronish or deceive him. Silence could not work an estoppel unless it was the duty of the company to speak. Here there was no duty imposed upon the company.

Chapt. 126, Session Laws 1905 was repealed by the law of 1909, and the law of 1909 does not contain the proposition.

The legislature had some reason for making this radical change in the law, and evidently intended to do away with the doctrine of implied waiver in this state.

*J. E. Tipton,* and *French & Orvis,* for Respondent.

The true rule is that in the case where the insurer knew through his agent that concurrent insurance had been taken out, the court will presume under such circumstances that if anything was omitted which it was necessary to do to make these policies valid, it was omitted by mistake, or that the condition was waived, or that the defendant held itself estopped from setting it up. Robins v. Springfield Fire and Marine Insurance Company, (N. Y.) 44 N. E. 159, at page 161 and authorities there cited.

Where an agent of a fire insurance company, who was also an agent for another company, had issued the policy for the latter company, the former is conclusively presumed, on the insuance of a policy by him on the same property for it, to have notice of the additional insurance. West v. Norwich U. F. Insurance Soc., (Utah) 37 Pac. 685; Ark. M. F. Ins. Co. v. Clariborne (Ark.) 100 S. W. 751; Phœnix Ins. Co. v. Johnson (Ill.) 32 N. E. 329; Rauch v. Michigan Ins. Co. (Mich.) 91 N. W. 160; Thompson v. Ins. Co., (Mo.) 68 S. W. 889; Phenix Ins. Co. v. Holcomb, (Neb.) 78 N. W. 300; Henschel v. Ore. F. & M. Ins. Co., (Wash.) 30 Pac. 735; 19 Cyc. 1819.

The fact of additional insurance need not be endorsed upon the policy because the statutory form so provides.

A provision of a fire policy that it should be void if the assured procure other insurance without the consent of the insured was waived by failure to object or cancel the policy after knowledge that other insurance had been procured. Phenix Ins. Co. of Brooklyn v. Grove, (Ill.) 74 N. E. 141; Pollock v. German Ins. Co., 86 N. W. 1017, and cases cited.

The provisions in the insurance policy that it shall be void in case of concurrent insurance, unless the consent of the company thereto is shown by written endorsement on the policy, does not prevent the insured from sustaining the validity of the policy by parol evidence showing that it was issued with knowledge of the existence of concurrent insurance. McElroy v. British American Ins. Co., 36 C. C. A. 615; Phenix Ins. Co. of Brooklyn v. Covey, 60 N. W. 12; Madden & Co. v. Phenix Assurance Co., 49 S. E. 855-8; Home Ins. Co. v. Hammang, 62 N. W. 883; Rediker v. Queen Ins. Co., 65 N. W. 105; Beebe v. Farmers Ins. Co., 53 N. W. 818; Leisen v. St. Paul Fire & Marine Ins.

Co., (N. D.) 30 L. R. A. (N. S.) 539; Vessey et al. v. Com. Union Assur. Co. 18 S. D. 632; Formark v. Equitable Fire Association 23 S. D. 102.

POLLEY, J.   This action is brought to recover on a fire insurance policy.   The policy sued upon was issued on the 11th day of November, 1910, to one L. J. Hronish, by the defendant company, through its local agent, at Fairfax, insuring, for a period of one year after date, a certain frame building in Fairfax, of which said Hronish was then the owner.   On the 13th day of January, 1911, the insured property was sold, and the policy assigned to one Chas. A. Johnson, who on May 9, 1911, sold said property and assigned said policy to Rudolph R. Hronish, who was the owner thereof until the 11th day of October, 1911, when the property insured was totally destroyed by fire.   Defendant company having refused to pay the loss, suit was brought upon the policy, in the circuit court in Charles Mix county, where respondent recovered judgment for the full amount of the policy. Appellant's motion for a new trial being overruled, it appeals to this court.

Appellant resists payment of the policy on three grounds: First, because of the existence of concurrent insurance upon the insured property at the time of the loss, which had been issued without the written consent of appellant; second, that the policy had been assigned without the written consent of the insurer indorsed upon or attached to the policy; and, third, because proof of loss was not made within the time limited by the terms of the policy.   In view of the facts disclosed by the record, the latter two grounds seem to possess little or no merit, and, had appellant rested its case upon these grounds alone, we would have no hesitancy in sustaining the judgment; but the first one raises the question of concurrent insurance and is a matter of vital importance in the case.

[1] The policy involved is the South Dakota standard form of fire insurance policy prescribed by chapter 164, Laws 1909. The use of this form is compulsory and must be used in all contracts of fire insurance in this state.   Its provisions not only constitute the contract between the insurer and the insured, but also the law governing the rights of the parties as well.   Lawver v. Globe Mut. Ins. Co., 127 N. W. 615, 25 S. D. 549.

[2] Upon the question of concurrent insurance, the policy contains the following clauses: "This entire policy, unless otherwise provided by agreement endorsed on or added hereto, shall be void if the insured now has or shall hereafter make or procure any other contract of insurance, whether valid or not, on property covered in whole or in part by this policy. This policy is made and accepted subject to the foregoing stipulation and conditions together with such other provisions, agreements, or conditions as may be indorsed hereon or added hereto. And no officer, agent or other representative of this company shall have power to waive any provision or condition of this policy except such as by the terms of this policy may be the subject of agreement endorsed hereon or added hereto, and, as to such provisions and conditions no officer, agent or representative shall have such power or be deemed or held to have waived such provisions or conditions unless such waiver, if any, shall be written upon or attached hereto; nor shall any privilege or permission affecting the insurance under this policy exist or be claimed by the insured unless so written or attached."

The facts relative to the concurrent insurance are these: At the time the policy was issued, and up to the time plaintiff acquired his interest in the insured property, there was no other insurance, and the validity of the policy to that date is not questioned; and what is said in this opinion relates only to policies that were valid when issued and became void, if at all, only because of the happening of some subsequent act or event, rendering them void after they had been issued. But, when plaintiff acquired his interest, he increased the amount of the insurance. He lived near Geddes, in Charles Mix county, and went to one F. H. Johnson, an Insurance Agent at Geddes, for his additional insurance. Said Johnson was agent at that place for the defendant company and was also agent for the Fire Association of Philadelphia. On the 20th day of May, 1911, he issued plaintiff a policy for $2,000 in the latter company; but neither he nor any other agent for defendant company indorsed upon the first policy the consent of the defendant to the issuance of the second, as required by the provisions of the first. Plaintiff did not request him to make such indorsement, nor, so far as is disclosed by the record,

was such consent or indorsement mentioned by either party. There is no question of over valuation or of over-insurance, or of misrepresentation of any kind by the insured. Appellant made no objections to the issuance of the second policy, nor did it ever take any steps to cancel the first. There was some evidence tending to prove that, at the time Johnson issued his second policy, he had knowledge of the existence of the first, the one involved in this action; and it is claimed that such knowledge as he had must be imputed to the defendant, he being agent for defendant company as well as the company for which he issued the second policy. It is also claimed that he had authority, and that it was his duty, to indorse upon the first policy he defendant's consent to the issuance of the second, and that, because of this knowledge and such authority, his issuance of the second policy, without such indorsement on the first, amounted to a waiver of such indorsement on the part of the defendant. To hold adversely to respondent on either of these propositions would necessarily lead to a reversal of the judgment without touching upon the real merits of the case. These two questions are but minor ones; the real questio being may a waiver of the above quoted provisions of a standard policy be shown unless such waiver be written upon or attached to such policy? Sooner or later this question must be settled by this court. If we leave it undisposed of now, it will merely prolong the uncertainty that now exists regarding the rights of the respective parties under the provisions of the standard policy, while, in the end, it will in no wise lighten the labor of the court. It is a matter of concern to every holder of a fire insurance policy in the state. It is the question that both sides in this case are asking to have settled. The case has been thoroughly presented by able counsel, and it is not likely that the court will ever be better prepared to consider this much vexed and very important matter. So, for the purposes of this case, we shall concede, but without deciding, that the agent Johnson had sufficient knowledge to charge defendant with notice of the issuance of the second policy, and that he had authority to have indorsed upon the first policy the defendant's consent to the issuance of the second.

Under this assumed state of facts, is the respondent entitled to recover? It is claimed by him, that in view of this situation, the appellant, by its conduct, waived the clause in the policy pro-

hibiting the placing of additional insurance on the insured property without the written consent thereto indorsed upon or attached to the policy, while, upon the other hand, it is just as earnestly contended by the appellant that the said provision, in a South Dakota standard policy, cannot be waived by the company by its mere failure to cancel the policy or return the unearned premium, or rather that such waiver cannot be shown by oral evidence, although the insurer had knowledge of the concurrent insurance. While the clause in the policy involved in this action has been the subject of a vast amount of litigation in the federal courts, and the courts of other states where the same form of policy is in use, this is the first time it has been before this court for consideration. The standard form provided by chapter 126, Laws of 1905, was before this court in Lawver v. Globe Mut. Ins. C., supra. The question involved was that of additional insurance. The agent, who issued the policy sued upon, knew, at the time he issued it, of the existence of the other insurance on the insured property. The court held that the clause against concurrent insurance was waived, not, not, however, because of the mere knowledge of the existence of the additional insurance, but because of the failure of the insurer to cancel the other policy upon obtaining such knowledge. But this decision was based upon the following clause contained in the policy involved as a part of the form provided by the law of 1905: "It shall be the duty of the insurer, in order to avail himself of any provision in this policy rendering it void, to promptly cancel the policy, as provided herein, upon having or obtaining notice or knowledge of the existence of any facts or circumstances which would, according to the terms of the policy, render it void; otherwise it will be deemed to have waived such provision * * * avoiding the policy."

The present standard form however, and the policy involved in this case does not impose upon the insurer the duty of canceling the policy in order to avail himself of the provisions thereof: "Upon having or obtaining knowledge of the existence of any facts or circumstances which would, according to the terms of the policy, render it void." And the inference is that, in omitting this clause from the present standard policy, the Legislature intended to relieve the insurer of this duty and to allow him to avail himself of the provisions in the policy without cancelling the same,

even though he comes into possession of knowledge, after the issuance of the policy, of the existence of facts or circumstances which would render it void. This, too, is the result of the reasoning employed by the court in Lawver v. Globe Mut. Ins. Co., supra. But it is contended by respondent that the great weight of authority, and especially the later decisions, sustain respondent's position. With this proposition we cannot agree. Northern Assurance Co. v. Grand View Building Ass'n, 183 U. S. 308, 22 Sup. Ct. 133, 46 L. Ed. 213, is a leading case on the subject.. ...e question involved in this case is precisely the same as the one in the case at bar. The court held in a very elaborate opinion, and in which numerous cases on the subject are collected and reviewed, that the provisions in the policy relative to concurrent insurance is binding on the parties and is not waived by the possession of knowledge upon the part of the insurer of the existence of subsequent insurance. The reason for inserting this provision in contracts of insurance and for requiring a strict observance of the same is thus stated by the court: "Over insurancce by concurrent policies on the same property tends to cause carelessness and fraud, and hence a clause in the policies rendering them void in case other insurance had been or should be made upon the property and not consented to in writing by the company is customary and reasonable." It might also be said that this clause in policies of insurance, and its strict enforcement, is a matter of general concern to all owners of insurable property The fact that overinsurance leads to carelessness and fraud increases the danger of loss, or destruction by fire, not only to the particular property insured, but to adjacent and surrounding property, and for this reason increases the "moral hazard" to the insurer and necessarily increases the rate of insurance to all other policy holders.

The facts in the case of Baumgartel v. Providence Ins. Co., decided by the Court of appeals of New York, 136 N. Y. 547, 32 N. E. 990, are almost identical with those in the case at bar. The owner of the insured property, about a week after the issuance of the second policy, told the agent, who issued the previous policy and the one sued upon, that he had taken out some additional insurance, when the agent said: "All right, I will attend to it." Nothing further was said. The policy was never delivered to the agent, and he never indorsed thereon the company's consent to the

issuance of the additional policy.   The policy was a "standard form" containing the same provisions as those in the policy in the case at bar.    The insured property was destroyed by fire, and the insurer defended on the ground that additional insurance had been taken out without having the written consent of the insurer indorsed upon the first policy.   The plaintiff contended that, because of the defendant's knowledge of the concurrent insurance and the promise of its agent "to attend to it" (which was understood to mean that he would indorse the company's consent on the policy), the clause prohibiting additional insurance was waived. The court held that the condition could not be waived except in the manner provided therefore in the policy, and that the policy had been forfeited.   This case, so far as we are advised, has never been overruled by that court.   The case of Robbins v. Springfield Fire and Marine Ins. Co., 149 N. Y. 477, 44 N. E. 159, decided by the same court and cited by respondent, did not turn upon the question involved in this case.   The policy sued upon was a standard form, similar to the one now under consideration, and contained the following clause:   "This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void if the subject of insurance be personal property, or be or become incumbered by a chattel mortgage."   At the time the policy was issued, there was a chattel mortgage upon the insured property, which fact was known to the agent who issued it, but the plaintiff told him that he had deposited the money in the bank to pay the mortgage, to which the agent replied:   "Well, if you have deposited the money in the bank, I will insure you from noon to-day."   The note secured by the mortgage was held in a city at some distance from the place where the insurance was effected, but the money was immediately forwarded by the bank where it had been deposited by plaintiff, and the mortgage was discharged within five or six days thereafter, and long before the occurrence of the fire that destroyed the insured property.   The court held that: "Under these circumstances, it is to be presumed that, if anything was omitted which it was necessary to do to make the policy valid, it was by mistake, or that the condition was waived, or the defendant held itself estopped from setting it up."   But this has reference to a case where the conditions which, by the terms of the policy, rendered it void existed and were known by the insurer at the

time of the issuance of the policy, making a clear distinction between facts existing at the time of the issuance of the policy, which by its conditions render it void from the beginning and facts, transpiring after the issuance of a valid policy which render it void. This distinction is drawn by the Court of Appeals in Gray et al., v. Germania Fire Ins. Co., 155 N. Y. 180, 49 N. E. 675, where it is said. "It is well settled in this state that where an insurance company issues a policy, with full knowledge of facts which would render it void in its inception if its provisions were insisted upon, it will be presumed that it, by mistake, omitted to express the fact in the policy waived the provision, or held itself estopped from setting it up, as a contrary inference would impute to it a fraudulent intent to deliver and receive pay for an invalid instrument"—citing Van Schoick v. Ins. Co., 68 N. Y. 434; Whited v. Ins. Co., 76 N. Y. 415, 32 Am. Rep. 330; Richmond v. Ins. Co., 79 N. Y. 230; Woodruff v. Ins. Co., 83 N. Y. 133; Short v. Ins. Co., 90 N. Y. 16, 43 Am. Rep. 138; Forward v. Ins. Co., 142 N. Y. 382, 37 N. E. 615, 25 L. R. A. 637; Wood v. Ins. Co., 149 N. Y. 382, 44 N. E. 80, 52 Am. St. Rep. 733; Robbins v. Ins. Co., 149 N. Y. 477, 44 N. E. 159.

"But it is manifest that that principle has no application to the facts in this case. When the defendant's policy was delivered, neither of the other policies had been issued, but were subsequently obtained. Consequently the defendant's policy was valid in its inception. If it became invalid, it was by the act of the plaintiffs in subsequently procuring additional insurance, without obtaining an indorsement upon the the policy of the defendant's consent. As the defendant issued to the plaintiffs a policy which was valid when delivered, the fact that they informed the defendant's agent of their intention to subsequently procure other insurance was insufficient to justify the courts below in holding that there was a waiver of that condition, or that the defendant was estopped from insisting upon it." Baumgartel v. Ins. Co., supra; Moore v. Ins. Co., 141 N. Y. 219, 36 N. E. 191; McNierney v. Ins. Co., 48 Hun, (N. Y.) 239.

"The distinction between the knowledge of an existing fact which renders a policy void when delivered and the omission of the insured to give notice of and procure the required consent to a subsequent act, which by its conditions, invalidated it, although

previously consented to, was clearly pointed out in the authorities cited." This is very applicable to the situation in the case at bar, and supports the contention of the appellant rather than that of the respondent.

Space forbids a review of all the cases cited by respondent as supporting his contention herein, but they have been examined, and, after consideration by the court, we fail to find support for respondent's contention. Some of the courts agree that an insurance company should be estopped from insisting upon the provisions of a policy which render it void in its inception, when the company had knowledge, when the policy was issued and the consideration therefore paid, of the existence of the circumstances which render it void. But this rule does not reach the facts in the case at bar, and our attention has not been called to any case that has gone to the extent of holding, under a statute like ours, that the mere failure to cancel a policy upon receipt of information of circumstances and conditions arising after the issuance of the policy amounted to a waiver of those conditions on the part of the company, unless the fact that such waiver had been made had been indorsed upon, or attached to, the policy; and to hold that such knowledge were evidence of a waiver would, in effect, be an attempt to nullify not only the provisions of the policy itself but the provisions of the law under which it is written as well.

It may be observed in closing, that the law does not purport to prohibit insurance companies from waiving certain of the conditions contained in the standard policy, nor to specify what particular agent or officer of the company shall have authority to make such waivers; it does not purport to confer any substantive right upon either of the parties; but what it does do is to establish a rule of evidence making the written memorandum upon or attached to the policy, of a waiver of any of its provisions, the only competent evidence of such waiver. It is a well-known fact, to both the bench and the bar, that, in the trial of causes involving the question of the waiver of conditions in contracts of insurance, the conflict of the testimony for one party with the testimony for the other party is so great that it can be reconciled on no other theory than that the witnesses on one side or the other are guilty of perjury, and it is for the purpose of preventing this abuse that the law was enacted requiring such agreements of waiver to be re--

duced to a writing of some sort indorsed upon or attached to the policy and making such writing the only competent evidence of such agreement.

It necessarily follows that the trial court erred in its ruling upon the question of the waiver, and the judgment and order appealed from must be reversed.

McCOY and WHITING, J. J., concur in the result only, and base their concurrence upon the proposition that notice of the additional insurance cannot be imputed to defendant through the knowledge of the agent Johnson.