JOHN D. FORWARD, Respondent, *v.* THE CONTINENTAL INSUR-
ANCE COMPANY, Appellant.

A condition in a policy of insurance declaring it to be void in case the interest
of the insured be other than unconditional absolute ownership, will not
operate to avoid it after a loss, where the company, before issuing the
policy, were advised and had knowledge of the fact that the insured
was not the sole owner, or that the property was incumbered. The con-
dition does not apply to facts so disclosed. O'BRIEN, J.; FINCH and
PECKHAM, JJ., concurring; EARL and GRAY, JJ., dissenting.

A policy issued to plaintiff by defendant, through an agent, contained
such a condition, and also provided that no agent of the company should
have power to waive any condition, except such as by the terms of the
policy were made the subject of agreement, and as to those, only
by indorsing the waiver upon and attaching the same to the policy. The
agent had power to solicit insurance, collect premiums, issue policies,
and to waive conditions as provided in the policy. Plaintiff had, before
the policy was issued, executed and delivered to his brother, an instru-
ment in the form of a bill of sale of part of the property insured, which
was filed in the town clerk's office. There was no consideration paid for
the transfer, which was made in reference to certain litigations pending
or threatened against plaintiff, and was intended to be colorable only.
Plaintiff remained in possession, and the transferee never claimed any
title to the property or right of possession. The agent was, before the
issuing of the policy, notified of the existence of the bill of sale, its
character and purpose. In an action upon the policy, *held* (O'BRIEN, J.;
FINCH and PECKHAM, JJ., concurring; EARL and GRAY, JJ., dissent-
ing), that defendant was chargeable with the knowledge of the agent,
and so the condition was not available as a defense. Also, *held* (GRAY,
J., dissenting), that the instrument did not constitute a transfer or incum-
brance within the meaning of the policy.
Reported below, 66 Hun, 546.

(Argued May 3, 1894; decided June 5, 1894.)

APPEAL from judgment of the General Term of the Supreme
Court in the fifth judicial department, entered upon an order
made January 18, 1893, which denied a motion for a new trial,
overruled defendant's exceptions and directed judgment in
favor of plaintiff upon a verdict.

This action was brought to recover the amount of an
adjusted loss under a policy of insurance issued by defendant.

The facts, so far as material, are stated in the opinion.

*Myron H. Peck, Jr.,* for appellant. A policy of insurance, like other contracts, is presumed to embrace the entire agreement between the parties. After it has been delivered and accepted, parol evidence is not admitted to control or vary its terms. (*Mayor, etc.,* v. *B. Ins. Co.,* 3 Abb. Ct. App. Dec. 251; *Pindar* v. *R. Ins. Co.,* 47 N. Y. 114–117; *Ripley* v. *A. Ins. Co.,* 30 id. 136; *Allen* v. *G. A. Ins. Co.,* 123 id. 6–12.) The bill of sale, whether intended to be absolute or as a chattel mortgage, transferred the title to the goods to the persons therein mentioned. (*Woodward* v. *R. Ins. Co.,* 32 Hun, 365.) Insurance policies must, like other written contracts, be so construed as to give effect to the intent of the parties as indicated by the language employed. Such a construction should be adopted as will uphold the whole contract and give effect to all its provisions in preference to one that will render some of its provisions nugatory. (*Quinlan* v. *P. W. Ins. Co.,* 133 N. Y. 356; *O'Brien* v. *P. Ins. Co.,* 134 id. 28; *Weed* v. *L., etc., Ins. Co.,* 116 id. 106; *Armstrong* v. *A. Ins. Co.,* 130 id. 560; *Oakley* v. *Morton,* 11 id. 25; *Bogardus* v. *L. Ins. Co.,* 101 id. 328; *Reining* v. *City of Buffalo,* 102 id. 308.) There was nothing done by Hotchkiss that would constitute a waiver. (*Quinlan* v. *P. Ins. Co.,* 133 N. Y. 356.) The trial court erred in overruling the objection of the defendant to the evidence given by the plaintiff and his wife as to conversations had between them and the agent of the defendant, and in refusing to dismiss the plaintiff's complaint or to direct the jury to find a verdict for the defendant as requested and charging the jury, and in refusing to charge as requested. (*Allen* v. *Ins. Co.,* 123 N. Y. 6; *Quinlan* v. *Ins. Co.,* 133 id. 356.)

*Safford E. North* for respondent. The knowledge of the agent at the time the policy was issued of any fact or condition contrary to the terms of the policy is to be deemed the knowledge of the company itself; the agent's knowledge

is imputed to the company and by issuing the policy the company will be deemed to have waived the provisions, or, more properly speaking, to have accepted the risk as it existed. (*Carpenter* v. *G. Ins. Co.*, 135 N. Y. 298; *Berry* v. *A. C. Ins. Co.*, 132 id. 49; *Cross* v. *Nat. F. Ins. Co.*, Id. 133; *Short* v. *H. Ins. Co.*, 90 id. 16; *Woodruff* v. *I. Ins. Co.*, 83 id. 134; *Whited* v. *G. Ins. Co.*, 76 id. 415; *Van Schorck* v. *N. F. Ins. Co.*, 68 id. 434; *Æ. Ins. Co.* v. *Maguire*, 51 Ill. 342; *Minor* v. *Ins. Co.*, 27 Wis. 693; *Mechler* v. *Ins. Co.*, 38 id. 665; *Winans* v. *Ins. Co.*, Id. 342.) The charge of the court that the knowledge of the agent was to be deemed the knowledge of the principal was correct. (*Holden* v. *N. Y. & E. Bank*, 72 N. Y. 286; *The Distilled Spirits Case*, 11 Wall. 356; *Hoover* v. *Wise*, 91 U. S. 308; *Woodward* v. *R. Ins. Co.*, 32 Hun, 365.) The instruction of the court to the jury that they might disregard the erroneous statement in the proofs of loss as to the mortgage on the real estate, unless they found it had been made upon a material matter and with intent to cheat and defraud defendant was proper. (*Ins. Co.* v. *Weides*, 14 Wall. 375; *F. Ins. Co.* v. *Vaughan*, 92 U. S. 516; *Dolan* v. *Æ. Ins. Co.*, 22 Hun, 396; *Gibbs* v. *C. Ins. Co.*, 13 id. 611; *Rohrback* v. *Æ. Ins. Co.*, 62 N. Y. 613; *Titus* v. *G. F. Ins. Co.*, 81 id. 410–420; *Claflin* v. *C. Ins. Co.*, 110 U. S. 81.) The defendant is not in a position to maintain that plaintiff had not an insurable interest because of the bill of sale. (Wood on Ins. § 86; *Barry* v. *H. B. F. Ins. Co.*, 110 N. Y. 1.).

O'BRIEN, J. The judgment in this case was recovered upon a policy of insurance, issued April 23, 1891, at one year, upon a store and the goods therein, which were owned by the plaintiff. By the terms of the policy the risk was distributed as follows: Upon the store a sum not exceeding $1,000, the goods a sum not exceeding $1,200, and the furniture and safe a sum not exceeding $100. The entire property was destroyed by fire on the 27th of September, 1891. The complaint alleges and the answer admits that the loss was adjusted and

determined between the plaintiff and a general agent of the defendant on the 6th of October following at $1,950, and the recovery was for this sum and interest. The only defense interposed by the answer or urged upon the argument of the appeal in this court was a breach on the part of the plaintiff of one or perhaps two of the conditions contained in the following clause of the policy :

"This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void  *  *  * if the interest of the insured be other than unconditional, sole ownership,  *  *  *  or if the subject of insurance be personal property, and be or become incumbered by a chattel mortgage.  *  *  *  In any matter relating to this insurance, no person, unless duly authorized in writing, shall be deemed the agent of this company.  *  *  *  This policy is made and accepted subject to the foregoing stipulations and conditions, together with such other provisions, agreements or conditions as may be indorsed hereon or added hereto, and no officer, agent or other representative of this company shall have power to waive any provision or condition of this policy, except such as, by the terms of this policy, may be the subject of agreement, indorsed hereon or added hereto ; and, as to such provisions and conditions, no officer, agent or other representative of this company shall have such power, or be deemed or held to have waived such provisions or conditions, unless such waiver, if any, shall be written upon or attached hereto. Nor shall any privilege or permission affecting the insurance under the policy exist or be claimed by the insured unless so written or attached."

It was shown at the trial that the plaintiff, about two months before the policy had been issued to him, had executed and delivered to his brother an instrument in the form of a bill of sale upon the stock of goods, furniture and fixtures in the store, which, on March 3, 1891, was filed in the town clerk's office. This instrument purports, in consideration of $500, to transfer the plaintiff's interest in the property absolutely to his brother. The proof at the trial tended to

show that there was in fact no consideration for the transfer. That it was colorable merely and made between the two brothers with reference to some litigations pending or threatened against the plaintiff. The brother never in fact paid anything as a consideration for the transfer, and no debt was due or owing to him by the plaintiff. He never in fact claimed any title to the property or any right to its possession, which always remained in the plaintiff. There was also proof that the existence of this bill of sale, its true consideration, character and purpose were disclosed to the defendant's agent before the policy was issued or delivered. The court submitted two questions to the jury: (1) Whether the defendant, notwithstanding the condition of the policy, had knowledge of all the facts respecting the existence, nature and purpose of the bill of sale, instructing them that the knowledge of the agent was the knowledge of the company, and that if they found that the defendant had knowledge of the facts the policy was not avoided. (2) Whether a statement contained in the proofs of loss to the effect that there was no incumbrance on the property at the time was willfully false and known to be so by the plaintiff when he made the proofs, and was made for the purpose of defrauding the defendant, instructing them that if it was not then it did not amount to false swearing within the intent and meaning of a condition in the policy. The verdict was in favor of the plaintiff, and hence all the disputed facts material to the questions of law must be deemed to be established in the plaintiff's favor. It was said by Judge ANDREWS in *Walsh* v. *Hartford Fire Insurance Co.* (73 N. Y. 11), upon the authority of many cases, that " conditions for the pre-payment of premium and the like, which enter into the validity of a contract of insurance at its inception, may be waived by agents, and are waived if so intended, although they remain in the policy when delivered, and that a contract for renewal is for the purpose to be treated as the original contract." It has uniformly been held by this court that a condition of this character in a contract of insurance will not operate to avoid it after a loss, providing the company, before delivering the

policy, had knowledge of the fact that the insured, notwith-standing the warranty, or the statement and the condition, was not the sole owner or that it was incumbered. In such cases the company is deemed to have waived the condition, or by the delivery of the policy with the condition avoiding it in case the insured is not the sole owner, or that the property is incumbered, and accepting the premium, is held estopped from setting up the condition as a defense. It was never supposed that such a condition was intended to apply to a state of facts in regard to which the company had been fully informed when it accepted the risk. The cases on this point are numerous, and it is impossible to make any distinction in principle between the conditions considered and that involved in the case at bar. (*Van Schoick* v. *Niagara Falls Ins. Co.,* 68 N. Y. 434; *Whited* v. *Germania Ins. Co.,* 76 id. 415; *Woodruff* v *Imperial Ins. Co.,* 83 id. 134; *Short* v. *Home Ins. Co.,* 90 id. 16; *McNally* v. *Phœnix Ins. Co.,* 137 id. 389; *Carpenter* v. *German Ins. Co.,* 135 id. 298; *Cross* v. *National Fire Ins. Co.,* 132 id. 133; *Berry* v. *American Central Ins. Co.,* Id. 49.)

In these cases it was held, either that the company had waived the condition, or was estopped by the delivery of the policy and the receipt of the premium, since, under such cir-cumstances, it could not be supposed that it intended to deliver to the insured a policy which it knew to be void. When the underwriter, before the inception of the contract, is informed by the owner that the property is incumbered, but still delivers the policy with the condition embodied in it, then, as it seems to me, it is not so much a question of waiver or estoppel as a question whether the condition ever attached or operated upon the facts thus disclosed. It can, of course, operate in the future upon transfers or incumbrances as the facts arise, and then the question is one of waiver. But when the facts are all known before any contract is made, a condi-tion against a state of things known by all the parties to exist cannot be deemed to be within their intention or purpose. This case cannot be taken out of the rule by any possible dis-

tinction unless it be the character and powers of the agent
of the defendant, to whom, upon the finding of, the jury, the
facts were communicated. It is urged that the cases cited do
not apply for the reason that the waiver there was by a general
agent. That may be true with respect to the four cases last
cited. But it does not seem to me to be so much a question of
power or authority in an agent to waive a condition in the
contract as of knowledge by the company through its agent of
the real facts. In the *Carpenter Case* (*supra*) the information
as to the true state of the title was given to a mere clerk of the
general agent, and we held that such knowledge was imputable
to the company, through the general agent, for whom the
clerk acted in soliciting the insurance, and that a condition of
this character remaining in the policy did not avoid it. Now,
the powers of the agent in this case were certainly much
broader than those of the clerk in the case referred to. In
this case the person to whom the information was communi-
cated was certainly an agent appointed by the defendant itself,
while in that the person had no authority directly from the
company; but was a mere servant or clerk acting for and
solely under the authority of the agent. The agent in this
case and the clerk in the other were engaged in precisely the
same duty and performing the same service when they acquired
the knowledge as to the condition of the property and the
state of the title. They were both soliciting insurance and
ascertaining the character and condition of the property upon
which the risk was about to be taken, and I am unable to
suggest any reason for imputing knowledge in the one case
and not in the other. Moreover, the record is entirely silent
as to any facts tending to show that in this case the agent was
acting in pursuance of a special or limited power. On the
face of the policy he appears to be the duly authorized agent
of the defendant and actually did grant special permits and
waive conditions in the policy. He certainly had power to
waive conditions, providing it was done in the manner stipu-
lated in the policy, that is to say, in writing. He had power
to solicit insurance, collect premiums and deliver policies.

There is no proof in the record that the plaintiff ever made any formal application for this policy, written or otherwise, or that he touched the company at any point or in any form except through this agent. The fair inference from the proof is, that the defendant furnished the agent with policies duly executed, which he filled up and delivered at his discretion, reporting the facts to the company. There is nothing on the face of the policy and nothing was communicated to the plaintiff to lead him to believe that the powers of the agent were special or restricted. Insurance companies doing business by agencies at a distance from their principal place of business, are responsible for the acts of the agent, within the general scope of the business intrusted to his care, and no limitations of his authority will be binding on parties with whom he deals which are not brought to their knowledge. (*Insurance Co.* v. *Wilkinson,* 13 Wall. 222; *Merserau* v. *Phœnix Mutual Life Ins. Co.,* 66 N. Y. 278; *Bodine* v. *Exchange Fire Ins. Co.,* 51 id. 117; *Arff* v. *Star Fire Ins. Co.,* 125 id. 57.)

It was held in the case of *Ellis* v. *Albany Fire Ins. Co.* (50 N. Y. 402) that an agent with precisely such powers as I have supposed the agent in this case possessed, could bind the company by a parol contract of insurance, while an application for a policy was pending, but none delivered till after a loss. I am unable to discover in the record any basis for the contention that the knowledge of the agent as to the existence and purpose of the bill of sale is not the knowledge of the defendant. On the contrary, his knowledge of the facts is, I think, imputable to his principal. So far as appears, the plaintiff dealt with him as the representative of the company. If there were in fact any limitations or restrictions on his powers as an ordinary agent it was for the defendant to show it. His commission was not put in evidence nor any proof given tending to show that he was not what he was described in the complaint, the defendant's duly authorized manager or agent at the place where the contract was made. There were no other means of communication between the plaintiff and the defendant employed. So far as appears he

made this contract for his principal, and the knowledge that he obtained in the course of the business was the knowledge of the defendant.

There is another view of the question that deserves some notice. Conditions in contracts of insurance against liability when the property is incumbered or where the title is not absolute in the insured are inserted for the purpose of guarding against the moral hazard involved. When the transfer or incumbrance is merely colorable or nominal and not real or effective the reasons that induced the stipulation do not apply. Was there any real sale or transfer of this property within the meaning of the policy? Nothing was done except to execute and file a paper. There was no intention in fact to transfer the title or vest any beneficial interest in the nominal vendee. There was no debt to be enforced, no consideration passed, and the use and possession remained unchanged. The filing of the paper added nothing to its validity. It was not a mortgage nor intended as security for any debt. It was a mere paper transfer without consideration and without delivery of possession, and while it had the form it had none of the legal elements. necessary, even between the parties, to constitute a valid contract of sale. In legal effect it was, I think, the same as an unexecuted gift. The worst that can be said of it is that it was intended to defraud creditors, but if that be true the moral hazard which was the basis of the condition of the policy would still be absent, since the plaintiff's interest in the property at the time of the insurance was in fact the same as before the paper was executed. There is no legal ground upon which this court can properly disturb the verdict, and the judgment should, therefore, be affirmed.

FINCH and PECKHAM, JJ., concur.

ANDREWS, Ch. J., and BARTLETT, J., concur on last ground mentioned in opinion.

EARL,.J., dissents on first ground and concurs on last ground.

GRAY, J., dissents.

Judgment affirmed.