SOLOMON ROSENSTEIN and THE BROCKPORT LOAN AND BUILDING ASSOCIATION, Respondents, *v.* THE TRADERS' INSURANCE COMPANY of CHICAGO, ILLINOIS, Appellant.

*Conveyance in fraud of the grantor's creditors not intended to be effective between the parties thereto — it creates a change of interest which will invalidate an insurance policy — a mortgage interest is not protected against such change, in the absence of a mortgagee clause in the policy.*

In an action brought by Solomon Rosenstein and the Brockport Loan and Building Association to recover, under a policy of fire insurance issued by the defendant insurance company, the value of a barn which had been destroyed by fire, it appeared that, by the terms of the policy, the loss, if any, was pay-

able to the loan and building association as mortgagee as its interest might appear; that at the time the policy was issued the title to the premises upon which the barn stood was in the plaintiff Rosenstein; that after the policy was issued, Rosenstein and his wife, without notice to the defendant, executed to their son a warranty deed of the premises. Such deed was delivered to the son and subsequently, prior to the fire, the plaintiff, Rosenstein, duly placed it upon record in the county clerk's office; the deed recited a consideration, but no consideration actually passed nor was there any change of possession of the property. The purpose of the plaintiff, Rosenstein, in executing the deed, was to place the property beyond the reach of a judgment creditor, and his son was acquainted with the details of the transaction.

The policy among other things provided, "the entire policy shall be void if any change other than by the death of the insured should take place in the interest, *title* or possession of the subject of insurance, whether by legal process or judgment, or by voluntary act of the insured, or otherwise."

*Held*, that there was such a change in the interest, title or possession of the property as invalidated the policy;

That, in the absence of such a clause in the insurance policy, the mortgagee's interest was not protected by the fact that pursuant to the statute a mortgagee clause had been framed providing that "insurance as to the interest of the mortgagee (or trustee) only therein shall not be invalidated by any act or neglect of the mortgagor or owner of the within described property."

McLENNAN and SPRING, JJ., dissented.

APPEAL by the defendant, The Traders' Insurance Company of Chicago, Illinois, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of Orleans on the 20th day of May, 1902, upon the decision of the court rendered after a trial before the court without a jury at the Orleans Trial Term.

*Horace McGuire*, for the appellant.

*T. S. Dean*, for the respondents.

HISCOCK, J.:

This action was brought to recover upon a policy of insurance issued by the defendant to the respondent Rosenstein and containing a clause in favor of the other respondent, The Brockport Loan and Building Association, as mortgagee. The defense urged upon the trial and upon this appeal was and is that said policy became invalidated through a violation of a clause therein contained respecting a change of title without notice to or consent by the company. The learned trial justice held that the evidence dis-

closed no such violation of said clause as invalidated said policy and, therefore, rendered judgment in favor of plaintiffs. We think that he committed such error in so ruling as requires a reversal of the judgment appealed from.

The clause contained in the policy, which is material, provides that "the entire policy shall be void if any change other than by the death of the insured should take place in the interest, *title* or possession of the subject of insurance, whether by legal process or judgment, or by voluntary act of the insured, or otherwise." The subject of the insurance was real property. After the policy was issued, without any notice to the defendant, the plaintiff and insured Rosenstein and his wife executed to their son a warranty deed of the premises, which was thereafter delivered to him, and still later by the father duly placed upon record in the county clerk's office. Thereafter the fire occurred, which occasioned the loss in question.

There was no dispute in the evidence concerning the execution of this transfer and in regard to what took place in connection therewith. It seems that a judgment had been recovered against the plaintiff Rosenstein about ten years before the execution of this deed. He desired to so place the real estate covered by the policy of insurance that the judgment could not be enforced against it. His son took counsel with an attorney, and in accordance with advice received had a deed prepared, which he took to his father, who thereafter executed the same, his wife joining in the execution, and who still later placed the same upon record. The son knew of the execution of the deed, had it in his possession after execution, understood it was to be recorded, and was informed by his father that it had been so recorded. The deed recited a consideration, but as a matter of fact neither the sum stated nor any other sum was paid by the son to his father therefor, and no change took place in the possession or control of the property.

Under these circumstances, as above stated, the trial justice held that there was no such change in interest, title or possession as invalidated the policy. The respondents, in seeking to sustain this decision, place essential reliance upon the case of *Forward* v. *Continental Insurance Co.* (142 N. Y. 382), and we may assume that such case was largely relied upon by the trial justice is reaching the conclusions which he did.

In that case the subject of insurance was personal property, and the insured, before the policy was issued, had given a purported bill of sale thereof, which was placed on file in the town clerk's office. As a matter of fact, no consideration for this purported transfer was ever given, and there was no change or thought or expectation of change in the possession, control and real ownership of the property. The purported transfer was nominal and the instrument was colorable and executed apparently for the purpose merely of impeding creditors. It was claimed by the defendant in that case that this purported transfer came within the provisions of a clause in the policy that the same should "be void  *  *  *  if the interest of the insured be other than unconditional, sole ownership." The court held, a majority of the judges concurring, that the transaction described was not a violation of said clause.

We do not, however, regard a fair construction of that case as sustaining the claim made by respondents in this action. It seems to us that the two cases may clearly be distinguished. Without stopping to dwell upon the fact that there was another answer to defendant's defense in that action than that furnished by overruling its contention with reference to the violation of the clause in the policy, we think there were features which plainly distinguished that case from this one.

The property which was the subject of the purported transfer in the *Forward* case was personal property. Nothing was done to make a transfer thereof, except to execute and place upon file a written bill of sale. Change in possession or control of the property, which under all ordinary circumstances is so essential an element to a transfer of the ownership of personal property, was entirely wanting. As stated by the court, "Nothing was done except to execute and file a paper. There was no intention in fact to transfer the title or vest any beneficial interest in the nominal vendee.  *  *  *  It was a mere paper transfer without consideration, and without delivery of possession, and while it had the form it had none of the legal elements necessary, even between the parties, to constitute a valid contract of sale. In legal effect, it was  *  *  *  the same as an unexecuted gift."

In the case at bar the property is real estate. All that was necessary to be done to accomplish an absolute and perfect change of title

from the grantor to the grantee was done when the deed was duly executed and placed on record.   An alteration in the possession of the property was, to say the least, no such essential element to a complete transfer as it would have been in the case of personal property.   Upon the execution and recording of the deed the son, as grantee, became vested with what was under the statutes and law governing the subject a perfect record title.   He was in a position to deal with the subject of his deed by conveyance.   A person desiring to negotiate with him upon the faith of his title would have been under no such necessity to investigate the subject of possession as would at least have been natural and prudent in the case of a paper transfer of personal property.   Upon the undisputed evidence we believe that he would have been entitled to enforce his conveyance as against his grantor, the insured.

Moreover, it was clearly the intention of the parties that there should be a change in the title to this real estate.   That was necessary to carry out the plan formulated in their minds of withdrawing the property from any pursuit which the judgment creditor might attempt to make.   Very likely they intended that this change in title should be utilized and claimed only in a qualified degree.   As between themselves it was doubtless the intention that at some time, in some way the father should be reinvested with the title to or get the benefit of this real estate.   But for the time being, and certainly as against the judgment debtor, it must be assumed that their purpose was to insist that this conveyance was valid and effective for the purpose of transferring the title from the judgment debtor to his son.   We think it is no violent presumption to assume that if this action were a proceeding by the judgment creditor to reach this property, both the father and the son would be upon the stand pointing to this conveyance as a valid and effective one to take the title to the property away from the lien of the judgment.   The question of where this title is may perhaps be tested by other illustrations. If it were necessary to bring an action of ejectment to recover the possession of the real estate, and that action should be instituted in the name of the father with this deed on record running to the son, we apprehend that no court would hesitate to declare against the right of the former to maintain the action.   If the father, having made a contract of sale of this property, should attempt to enforce

specific performance by the vendee with the deed in question upon the record to his son, we again apprehend that no court would be willing to indorse by a favorable decision his right to maintain such action.

These considerations and others which might be urged, lead us to the conclusion that the transfer in this case cannot, like that of the personal property in the *Forward* case, be regarded as a mere nominal, colorable and unexecuted transfer.

When we come to the consideration of the respective clauses in the two cases claimed to have been violated, we find what seems to us to be a wide difference. As already stated, the clause in the *Forward* case called for an absolute, unconditional ownership of the property by the insured, and, as already indicated, the court found that such ownership existed. In this case, the clause provides against a change in the " interest, *title* or possession " of the subject of insurance. Those words to our minds are very comprehensive and explicit. They guard against a change in the interest of the insured, and likewise against any alteration or modification of the title or possession. The wording clearly indicates an intention to have the policy avoided if a change should occur in either the " title or possession." The concurrence of both was distinctly rendered unnecessary by the language employed. While it is true that there has been no change in the actual, physical possession of this real estate, we scarcely see how it can be claimed with the warranty deed duly executed and spread upon the records of the county clerk's office conveying the real estate from the father to the son, that there has been no change in the title.

We do not lose sight of the contention made by respondents that this deed was not intended eventually to be effective as between the father and the son, but that it was only executed for a qualified purpose; that the spirit and intention of the clause in the policy of insurance such as is under consideration here, is to guard against any moral hazard involved in changed relations to the insured property, and that there is no such change here as supplies the basis for such a hazard. We are, however, unable to agree with this argument. The defendant had a right to say in its policy that the same should be invalidated by a change in the title, and having done this we think that upon the facts developed in this case it is entitled to insist that a violation has occurrred. Further than that, however, we do not

think that the transaction between the father and son was entirely free from those features which would entitle the defendant to insist that it had an equitable and meritorious right to object to the change in the situation brought about by the parties. We think that, under the clause quoted, it might fairly insist that it should not be held liable for property subject to a shifting and uncertain title, which at one time for one purpose would be claimed to be in one person and at another time for another purpose would be claimed to be somewhere else. We certainly do not feel that there is any such lack of merit in the defendant's defense in this case as should lead us to put a strained and unnatural construction upon the clause in order to relieve the insured from the difficulties created by him.

It is further urged that, so far as the loan association is concerned, it is harsh to deprive it as a mortgagee which took no part in the transfer from the protection of the insurance. In support of this contention the learned counsel for the respondents calls our attention to the standard mortgagee clause framed pursuant to the insurance statutes of this State (Laws of 1886, chap. 488, as amd. by Laws of 1887, chap. 429, and revised by Laws of 1892, chap. 690, § 121) which provides that the "insurance as to the interest of the mortgagee (or trustee) only therein shall not be invalidated by any act or neglect of the mortgagor or owner of the within described property." We think that this argument discloses its own weakness. The law provided a clause for the benefit of the mortgagee which it might have insisted upon, and which would have amply protected it from the loss which it is now suffering. It failed and neglected to insist upon this clause and to have it inserted in the policy and thus secure the protection afforded, and this court is powerless to relieve it from the consequences of its omission.

In accordance with these views, the judgment appealed from should be reversed and a new trial granted, with costs to the appellant to abide event.

WILLIAMS and NASH, JJ., concurred; dissenting opinion by McLENNAN, J., in which SPRING, J., concurred.

McLENNAN, J. (dissenting):

The action was commenced to recover the amount of the loss sustained by the plaintiffs by the destruction of a barn by fire, insured

by a policy of insurance issued by the defendant, insuring the building alleged to be owned by the plaintiff Rosenstein against such loss. The loss, if any, was made payable to the plaintiff building association, as its interest might appear, it being the owner of a mortgage upon the premises. The policy was the standard policy, and contained the usual provision which provided that the policy should be void in case there should be any change in the ownership or interest in the property, without the consent of the company indorsed thereon. The policy was issued on the 24th day of May, 1900. The barn was destroyed by fire on the 19th day of March, 1901. The amount of the loss is not in dispute.

After the policy was issued the plaintiff Rosenstein and his wife, without the knowledge or consent of the defendant, executed a warranty deed in the usual form of the farm upon which the barn was situated, in which deed his son, Abraham Rosenstein, was named as grantee. The consideration expressed in the deed was $3,000. It was procured to be recorded in the office of the clerk of Orleans county on the 14th day of January, 1901, by the grantor, and since that time has been in his possession. The deed was executed and recorded at the instance of the son, and the learned trial court found that it was never delivered to the grantee, although he knew of its execution; that no part of the consideration was ever paid; that the grantor continued in possession of the premises after the deed was executed the same as before, and that it was not the intention of the parties that any title to or interest in the farm should pass to the grantee by virtue of such deed; that it was made and recorded for the purpose of preventing the collection of a judgment which had been recovered by a creditor against the grantor, the father of the grantee, and for no other purpose. The court also found that, notwithstanding the execution and recording of such deed, the plaintiff Solomon Rosenstein continued at all times to be the owner of the farm in question and of the building insured. The facts upon which such findings were based were testified to by the grantee, and are not contradicted, the defendant having offered no evidence to rebut the same. The only defense urged is that, as matter of law, the execution and recording of the deed in question rendered the policy void.

It seems to me that the decision in *Forward* v. *Continental Insurance Co.* (142 N. Y. 382) is decisive of the case, and compels an affirmance of the judgment upon the facts found by the court. In that case the policy covered a store, stock of goods and store fixtures, and the personal property was destroyed by fire. The policy contained substantially the same provisions in relation to a change of title or interest as the policy in question. The owner executed a bill of sale of the personal property to his brother, which was filed, but possession of the property was not surrendered, and the grantor continued in possession of the same. The bill of sale was given for the purpose of preventing the creditors of the grantor from recovering their debts from him. No consideration was paid for the transfer of the property included in the bill of sale; there was no change in possession, and it was not intended by the parties to such bill of sale that there should be any change in the ownership of or interest in the property. It was held that the policy was not avoided. The vital point in that case was not as to the form of the transfer, but was as to whether or not the parties intended by it to transfer the title to the property or any interest therein. It having been found by the trial court that they did not so intend, it was held by the Court of Appeals that such pretended transfer did not affect the policy of insurance upon which it was sought to recover.

In the case at bar it should be borne in mind that the trial court has found upon sufficient evidence that it was not the intention of the father to convey to the son, and that it was not the intention of the son to receive from the father, the property which was in form conveyed, or any interest therein.

I think the distinction which is sought to be drawn in the prevailing opinion between a conveyance of real estate by a deed and a transfer of personal property by a bill of sale is entirely immaterial. The point upon which the Court of Appeals laid stress in the *Forward Case* (*supra*) was the intention of the parties; was the fact that the grantor did not intend to convey, and that the grantee did not intend to receive, by virtue of or under the bill of sale, any interest in or title to the insured property.

Again, we call attention to the fact that in the case at bar the learned trial court has found that such deed was never delivered by the plaintiff Solomon Rosenstein, the grantor named therein, and

was never accepted as such by the grantee; that the consideration expressed in said deed was the sum of $3,000, but in reality there was no consideration whatever for said deed; that said deed was colorable only, and was not intended to transfer the title to said premises.

In the case of *Barry* v. *Hamburg-Bremen Fire Ins. Co.* (110 N. Y. 1) it was held that where a policy of fire insurance contained a condition to the effect that a sale or transfer of the property or any change in the title, without the consent of the company, would void the policy, a deed of the property executed simply to secure a debt was not within the condition and did not affect the policy.

In the *Forward Case* (*supra*), Judge O'BRIEN, in writing the opinion of the court, said: "When the transfer or incumbrance is merely colorable or nominal and not real or effective, the reasons that induced the stipulation do not apply. Was there any real sale or transfer of this property within the meaning of the policy? Nothing was done except to execute and file a paper. There was no *intention*, in fact, to transfer the title or vest any beneficial interest in the nominal vendee. There was no debt to be enforced, no consideration passed, and the use and possession remained unchanged. The filing of the paper added nothing to its validity. It was not a mortgage, nor intended as security for any debt. It was a mere paper transfer without consideration and without delivery of possession, and while it had the form it had none of the legal elements necessary, even between the parties, to constitute a valid contract of sale. In legal effect, it was, I think, the same as an unexecuted gift. The worst that can be said of it is that it was intended to defraud creditors, but if that be true the moral hazard which was the basis of the condition of the policy would still be absent, since the plaintiff's interest in the property at the time of the insurance was, in fact, the same as before the paper was executed."

The part of the opinion of Judge O'BRIEN above quoted covers in all essentials the facts of the case at bar. As we have seen, and as the court found upon sufficient evidence, the grantor did not intend to convey; the grantee did not intend to receive a conveyance; the possession remained unchanged; a delivery of the deed was not in fact made with intent that it should convey title or interest.

In the case of *Ten Eyck* v. *Whitbeck* (156 N. Y. 341) the court said : " The delivery of a deed is essential to the transfer of title; and there can be no delivery without an acceptance by the grantee. The question of delivery, involving as it does acceptance, is always one of intention, and where there is a conflict in the evidence it becomes a question of fact to be determined by a jury. There must be both a delivery and acceptance with the intent of making the deed an effective conveyance. (*Jackson* v. *Phipps*, 12 Johns. 418; *Jackson* v. *Leek*, 12 Wend. 105; *Brackett* v. *Barney*, 28 N. Y. 333, 340; *McIlhargy* v. *Chambers*, 117 N. Y. 532, 539, 541; *Younge* v. *Guilbeau*, 3 Wall. 641.) "

Many other cases of like import might be cited, but it would seem that those referred to should be regarded as controlling upon the question presented by this appeal. Was there an intention to transfer or convey the title to the insured property? The trial court by its finding has said no. Was there an intention on the part of the grantee to acquire by such deed any title to or interest in the premises? The answer of the trial court is in the negative. Was there any delivery of the deed or any intention to deliver it? Again the finding of the trial court is in the negative. The possession of the premises remained unchanged. No consideration was paid by the grantee for any transfer to him of the premises. It was simply a colorable transfer, made for the purpose of preventing the creditors of the grantor from recovering their indebtedness. Under those circumstances, and assuming those to be the facts, under the decisions referred to, we think it cannot be held that the condition in the policy was violated, but, on the contrary, that the plaintiff is entitled to recover.

If the question had not been decided by the court of last resort, we might be quite willing to assent to the reasoning and logic of the majority of the court, as expressed in the prevailing opinion, but as it seems to have been decided we should yield to such decision.

It follows that the judgment should be affirmed, with costs.

Judgment reversed and new trial ordered, with costs to appellant to abide event, upon questions of law only, the facts having been examined and no error found therein.