SOLOMON ROSENSTEIN and THE BROCKPORT LOAN AND BUILDING ASSOCIATION, Plaintiffs, *v.* THE TRADERS' INSURANCE COMPANY OF CHICAGO, ILLINOIS, Defendant.

*Fire insurance policy — transfer, in violation of its provisions, of the title to the property insured — presumption from the recording of a deed — testimony of interested parties in contradiction thereof presents a question for the jury — effect of a motion for the direction of a verdict — when not a waiver of the right to go to the jury — disregard of the general rule in this respect where the rule works an injustice.*

Upon the trial of an action brought to recover upon a policy of fire insurance issued by the defendant to the plaintiff, Solomon Rosenstein, and by him subsequently made payable to the plaintiff association, the defendant repudiated liability under a clause of the policy prohibiting "any change, other than by the death of the insured * * * in the interest, title or possession of the subject of insurance, whether by legal process or judgment or by voluntary act of the insured, or otherwise," without the consent of the insurer.

It appeared that prior to the fire a conveyance of the insured property executed by Solomon Rosenstein to his son had been duly recorded. The plaintiffs claimed that there had been no actual effective delivery of this conveyance or change of possession or intention to have it operative as between the parties. The plaintiff Rosenstein and his son gave evidence tending to show that there was no change in ownership or possession under the deed.

At the close of the evidence both parties moved for the direction of a verdict and the court directed a verdict in favor of the plaintiffs. The defendant excepted to the direction of the verdict in favor of the plaintiffs, but did not specifically request that any issue of fact be submitted to the jury.

*Held,* that the recording of the deed from the plaintiff Rosenstein to his son created a presumption that it had been delivered and that the title and ownership of the property in question had been transferred to the plaintiff Rosenstein's son;

That the plaintiff Solomon Rosenstein and his son, both being interested witnesses, their testimony in contradiction of the presumption above stated created an issue of fact which the court was required to submit to the jury;

That the motion of the defendant's counsel for the direction of a verdict simply amounted to a claim that even if the question of fact was settled in the plaintiffs' favor, the defendant was still entitled to a dismissal of the complaint, and that the defendant's exception to the direction of a verdict in favor of the plaintiffs clearly indicated that the defendant did not intend to concede that the plaintiffs were entitled to recover as matter of law or to waive the submission of any question of fact to the jury;

That, while it is the general rule that where, upon the close of the evidence, each side asks to have a cause disposed of as involving only questions of law, any questions of fact actually existing will be regarded as having been so decided

as to sustain the disposition made by the trial judge, and also that under certain circumstances a party who asks to have a cause disposed of as involving only questions of law, and neglects specifically to request the court to submit issues of fact, will be deemed to have waived his right to have such issues of fact passed upon by the court or jury, such rule is based upon reason and is governed somewhat by the circumstances of the particular case;

That, in the case at bar, there had been no waiver by the defendant of its right to go to the jury upon the question of fact;

That an appellate court may waive or disregard such rule where its strict application would work injustice;

That, even if the question of fact before stated were to be regarded as having been decided in the plaintiffs' favor, the plaintiffs, under the principles laid down by the Appellate Division in its decision (reported in 79 App. Div. 481) rendered upon an appeal from a judgment entered on the former trial of the action, were not entitled to recover.

MOTION by the defendant, The Traders' Insurance Company of Chicago, Illinois, for a new trial upon exceptions, ordered to be heard at the Appellate Division in the first instance, upon the verdict of a jury in favor of the plaintiff rendered by direction of the court after a trial at the Orleans Trial Term.

The issues of fact were brought to trial at a Trial Term held in September, 1904, in Orleans county. At the close of the evidence plaintiff's counsel moved for direction of a verdict in favor of the plaintiff for the full amount claimed by him.

*Vernon Cole, E. L. Jellinek* and *Moses Shire*, for the plaintiffs.

*Horace McGuire*, for the defendant.

HISCOCK, J.:

This action is brought to recover the amount of a fire insurance policy, issued by defendant to the plaintiff Rosenstein and by him subsequently made payable to the plaintiff association. It has once before been before this court upon appeal (79 App. Div. 481), and a judgment obtained by plaintiffs for the amount of their policy was reversed upon the ground that the insured Rosenstein had made a transfer and conveyance of the property insured to his son, which came within the prohibition of the insurance policy against "any change, other than by the death of the insured * * * in the interest, title or possession of the subject of insurance, whether by legal process or judgment or by voluntary act of the insured, or

otherwise," without the consent of the insurer. Before the fire a conveyance was executed by Solomon Rosenstein running to his son and duly recorded. It has been claimed by the plaintiffs, however, that there was no actual effective delivery of this conveyance or change of possession therein or intention to have it operative as between the parties in really transferring the title and ownership of the property covered.

Plaintiffs upon this appeal occupy a less advantageous position than upon the former one. It is undisputed that the recording of the deed from the insured to his son created a presumption of delivery and resulting transfer of title and ownership to and of the property in question. The insured and his son have attempted to rebut and overcome this presumption by testimony relating to the delivery of the deed, the intention thereby to accomplish a transfer of title and ownership, and tending to show that there was no change in ownership or possession under the transfer. These witnesses were both interested, and their evidence in contradiction of the presumption of delivery and transfer referred to, created an issue of fact to be passed upon by the jury. (*Ten Eyck* v. *Whitbeck*, 156 N. Y. 341.)

The plaintiffs came to this court upon the former appeal with findings by the trial court in their favor upon these issues of fact. Upon the present appeal they stand upon a verdict directed by the court and thus without the benefit of settlements in their favor of the questions of fact referred to. They are thus compelled to rest upon the proposition that they are entitled as a matter of law, and upon an interpretation of the evidence most favorable to the defendant, to a judgment. It is clear that they cannot successfully maintain this proposition.

We do not, of course, overlook the general rule that where upon the close of the evidence each side asks to have a cause disposed of as involving only questions of law, any questions of fact actually existing will be regarded as having been so decided as to sustain the disposition made by the trial judge; also that under certain circumstances a party who asks to have a cause disposed of as involving only questions of law, and neglects specifically to request the court to submit issues of fact, will be deemed to have waived his right to have such issues of fact passed upon by the court or jury.

We do not think, however, that these rules are applicable under the circumstances of this case or relieve plaintiffs from the necessity of a verdict or decision in their favor upon the issues of fact involved. The counsel for the defendant asked to have a verdict directed in favor of the defendant as he was reasonably justified in doing in view of the decision of this court upon the former appeal. We do not think that this request in any manner involved a concession that there did not exist upon the evidence a question of fact necessary to be settled in favor of plaintiffs before they could recover upon their theory. The disposition of the case upon the former trial, the evidence upon the present one, and the remarks of plaintiffs' counsel all indicated clearly that there was such question of fact involved in plaintiffs' version. The motion of defendant's counsel amounted simply to a claim that even if this question of fact was settled in plaintiffs' favor, defendant was still entitled to a dismissal of the complaint, and his exception to the direction of a verdict by the learned trial judge fairly and clearly indicated that he did not intend to concede that plaintiffs were entitled to recover as a matter of law or to waive the submission of any questions of fact.

The rule holding parties to a waiver of the right to go to a jury is based upon reason and governed somewhat by the circumstances of the particular case, and we think that there was no waiver here within the principles laid down in *Trustees of East Hampton* v. *Kirk* (68 N. Y. 459, 464); *Ormes* v. *Dauchy* (82 id. 443, 448); *Train* v. *Holland Purchase Ins. Co.* (62 id. 598).

Moreover, where the strict application of this rule would work injustice it may be waived or disregarded by an appellate court. (*Muller* v. *McKesson*, 73 N. Y. 195, 198.)

If, however, we are wrong in the view thus taken as to the disposition of the case, and if we should assume that the questions of fact indicated have been decided in plaintiffs' favor, we should still regard the case as coming within the principles of our former decision and hold that plaintiffs were not entitled to recover.

In its essential character the testimony does not materially differ from that which was offered upon the first trial. The plaintiffs have endeavored to amplify and brace their claim that there was no intention to make a transfer of the property in question which

should be effective as between the father and the son, and that the ownership was to remain in the former unaffected and unincumbered. After all that the parties are able to say upon this subject, however, it does clearly and undisputedly stand out that, by and in accordance with the mutual plans and intentions of the grantor and grantee, this conveyance was executed for the purpose of so transferring the title to the land to the son that he could give a clear title upon an expected sale to a third party and save the title and transfer from being incumbered or embarrassed by any proceedings upon the judgment which was held against the father. It was the expectation and plan that the title should be so transferred from the father to the son that it could not be touched by proceedings upon the judgment and the proposed sale interfered with. A change of title was contemplated and desired which at least should be effective for some purposes, and we think that the parties came within the prohibition of the clause in the insurance policy to which we have already referred.

Defendant's exceptions allowed and a new trial granted, with costs to defendant to abide event.

All concurred, McLENNAN, P. J., and SPRING, J., concurring upon the ground that there was a question of fact in the case which should have been submitted to the jury.

Defendant's exceptions sustained and motion for new trial granted, with costs to the defendant to abide event.