(69 Misc. Rep. 86.)

## EVANS v. EVANS et al.

(Supreme Court, Trial Term, Oneida County. September, 1910.)

1. DEEDS (§ 26*)—ATTEMPT AT TESTAMENTARY DISPOSITION BY DEED.

The owner of realty and personalty signed and sealed a deed thereto, and delivered it to one other than the grantee, to be held by him until after the grantor's death, when it was to be delivered to the grantee. The deed undertook to transfer all the personalty that the grantor owned at the time of signing it, "or that may take the place thereof at the time of my death." The transfer was made subject to the condition that the grantee should pay the grantor's debts, funeral expenses, and certain sums to persons designated, and provided that there should be no claims made against such persons by his estate. There were no contractual relations between the parties to the deed, and the grantee did not know of its execution. *Held*, that the instrument was inoperative as a deed; it being an attempt to bring about results which could be accomplished only by a will.

[Ed. Note.—For other cases, see Deeds, Dec. Dig. § 26.*]

2. DEEDS (§ 64*)—NECESSITY FOR ACCEPTANCE BY GRANTEE.

Where a grantee in a deed refuses to accept and be bound by the instrument, it cannot become effective, as acceptance is as necessary as delivery.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 142, 143; Dec. Dig. § 64.*]

Action by Helen M. Evans against W. Smith Evans and others for partition. Complaint dismissed.

Francis A. Watters, for plaintiff.

Mason & McNamara, for defendant Oren B. Evans.

O. P. Backus, for defendants, McDonald, Gillette, and W. Smith Evans.

DEVENDORF, J. The plaintiff claims an interest in the property in question by virtue of the instrument purporting to be a deed, dated October 31, 1908, executed by Horatio C. Evans to W. Smith Evans, Helen M. Evans, his wife (plaintiff), and Oren B. Evans, parties of the second part, as tenants in common. It purports to convey a farm containing upwards of 90 acres of land, together "with all the horses, cows, live stock, wagons, sleighs, farming tools, furniture and personal property I now own or that may take the place thereof at the time of my death." Following the above the deed contains this language:

"This transfer is made subject to the following conditions, to wit:

"First. That my just debts and funeral expenses be paid and borne equally by second parties herein.

"Second. That in consideration of the care, comfort and company Adeline McDonald was to my wife in her last illness and the care, comfort and company she has been to me since the decease of my said wife, second parties shall pay said Adeline McDonald $500, five hundred dollars, in lieu of any claim for wages, however, which said payment shall be borne equally by second parties herein.

"Third. That in consideration of my filial affections for Viola Evans, or Viola Gillette, and in consideration that my late wife died without making the provision for her that she intended, second parties herein shall pay to Viola

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Evans, or Gillette, two hundred fifty ($250) dollars, said payment to be paid equally by second parties herein.

"It is further understood that in the disposition of my property hereby there is to be no charge or claim by either of the parties hereto or any of the parties herein against the others in favor of my estate.

"The property herein intended to be conveyed is my farm of land upon which I now reside, together with all the personal property thereon.

"This deed is delivered to F. A. Watters, of Rome, N. Y., in escrow, to be by him held until after my death, then and in that event to be by him delivered to second parties herein."

Horatio C. Evans died April 19th, following its execution, at which time said instrument was in the custody of Mr. Watters, named therein, for delivery to the second parties.

I think the delivery to Watters in the nature of an escrow would have been effective as a conveyance of the real estate described and title thereto would have passed presently upon the first delivery by relation from the subsequent delivery, had that been the limit of the attempted transfer. Ruggles v. Lawson, 13 Johns. 285, 7 Am. Dec. 375; Tooley v. Dibble, 2 Hill, 641; Nottbeck v. Wilks, 4 Abb. Prac. 315; Crain v. Wright, 36 Hun, 74; Hathaway v. Payne, 34 N. Y. 92.

I am also of the opinion that, as the instrument ran to the parties "as tenants in common," plaintiff would not have been limited to a tenancy by the entirety of an undivided half of the real estate, as claimed by the defendant Oren B. Evans, and would have taken an undivided one-third of the whole as tenant in common, were the conveyance otherwise effectual. Jooss v. Fey, 129 N. Y. 17, 29 N. E. 136; Miner v. Brown, 133 N. Y. 308, 31 N. E. 24; Matter of Albrecht, 136 N. Y. 94, 32 N. E. 632, 18 L. R. A. 329, 32 Am. St. Rep. 700.

But the grantor attempted to do much more than to convey his real estate by delivery of this deed in the nature of an escrow. He undertook to bring about results which could be accomplished only through the medium of a will. He provided for a transfer of all the personal property on his farm at the time of the execution of the instrument, or such as may have replaced the same, at the time of his death. He also made such transfer subject to the conditions that the parties of the second part should pay his debts and funeral expenses and $500 and $250, respectively, to certain individuals designated; and he further provided that there should be no charge or claim made by his estate against either of the parties named therein.

Some of these provisions could not take effect except upon his death, and were inoperative until that time. I think unto his death he considered himself as the owner of the property, uninterfered with by the instrument in question.

There were no contractual relations between the grantor and the grantees. Neither did the grantees, or either of them, have any knowledge of the execution and delivery of such instrument. The scheme, as a whole, of the grantor, as evidenced by the provisions thereof, necessarily fails, if it is to be restricted to the scope of the conveyance of the land only. If the other provisions are to operate in compliance to his wishes, then the next of kin or personal repre-

sentatives must withhold or release any and all claims in favor of the estate against either of the grantees, or parties named, funeral expenses and debts must be assumed and paid, and the parties mentioned must receive their gifts in the nature of legacies. These directions and provisions applied to a condition of things created or arising after death. They were inoperative until that time and inserted in the instrument for the purpose of controlling affairs then, and hence come within the matters necessarily to be included in or provided for by will and not by deed in escrow.

I do not see any injustice in limiting testamentary dispositions to last will and testament. This instrument in form of execution is in the nature of a deed, but in substance is a will. It is an attempt at testamentary disposition by deed. The party making such dispositions should be confined to a will. Gilman v. McArdle, 99 N. Y. 451, 2 N. E. 464, 52 Am. Rep. 41; Matter of Diez, 50 N. Y. 88.

Another serious question which arises against the plaintiff in this case is that one of the grantees refuses to accept and be bound by the instrument. Can he be compelled by it to yield any claim which his father's estate may possess against the other grantees or persons named, or to pay funeral expenses, debts and a proportionate share or sum given in the nature of legacies? I think not. As to these provisions, as stated, the instrument did not operate in the lifetime of the donor or grantor; and the son now refusing to accept was not a party to it, and cannot be made liable to carry out its directions. All this could have been provided for by will, but not in the manner attempted.

Acceptance is as necessary as delivery. Hamlin v. Hamlin, 117 App. Div. 493, 102 N. Y. Supp. 571. Delivery is essential to the transfer of title, and there can be no delivery without acceptance by the grantee. Both delivery and acceptance must appear in order to make an effective conveyance. Ten Eyck v. Whitbeck, 156 N. Y. 341, 50 N. E. 963; Jackson v. Phipps, 12 Johns. 418.

It is urged that, upon his refusal to accept, the one-third of the property goes into the estate and is divided according to law. If that is correct, then the plan of the father (the grantor) fails, and the instrument does not carry out his wishes, intents, and purposes.

I have come to the conclusion that, as the instrument (executed as a deed) is an attempt at testamentary disposition and is not accepted by one of the grantees, it becomes inoperative as a deed, and the plaintiff's case fails. Judgment for the dismissal of the complaint will enter accordingly.

Complaint dismissed.