MULLER et al, Respondents, v. FARMERS' MUTUAL FIRE INSURANCE CO., of Humboldt, Appellant.

THOMAS, Respondent, v. FARMERS' MUTUAL FIRE INSURANCE CO., of Humboldt, Appellant.

THOMAS, Respondent, v. FARMERS' MUTUAL FIRE & LIGHTNING ASSN. OF MINNEHAHA COUNTY, Appellant.

(196 N. W. 299.)

(File Nos. 5136-5138.    Opinion filed December 21, 1923.)

**Insurance—Conduct After Loss Held to Estop Insurer to Deny Liability.**

An insurer who, with knowledge of facts entitling it to forfeiture, requires a proof of loss, joins in the employment of a contractor to estimate the loss, pays its share of the contractor's charge, and agrees to pay its share of the loss, thereby inducing the insurer to make final settlement with other insurers, for their proportion of the loss, is estopped to thereafter deny liability.

Appeal from Circuit Court, Minnehaha County; Hon. L. L. Fleeger, Judge.

Three consolidated actions by Henry A. Muller and Catherine Peck and by George J. Thomas against the Farmers' Mutual Fire Insurance Company of Humboldt, and by George J. Thomas against the Farmers' Mutual Fire & Lightning Insurance Association of Minnehaha County.  From judgment for plaintiffs and orders denying new trials, defendants appeal.  Affirmed.

*Bailey & Voorhees* and *Parliman & Parliman,* all of Sioux Falls, for Respondents.

*Waggoner & Stordahl,* of Sioux Falls, for Appellants.

Appellant cited: Richards v. Continental Ins. Co., 21 A. S. R. 611; Findlay v. Union Mutual Ins. Co., 52 Atl. 429, 93 A. S. R. 885; Schmidt v. Williamsburg Ins. Co., 144 N. W. 1044, 51 L. R. A. (N. S.) 261; St. Landry Merc. Co. v. New Hampshire Fire Ins. Co., 38 So. 87, 3 Ann. Cases 821.

Respondent cited: Smith v. St. Paul Fire & Marine Ins. Co., 3 Dak. 80, 19 Cyc. 801; Tillis v. Liverpool & London & Globe Ins. Co., 35 So. 171; German Fire Ins. Co., v. Carrow, 21 Ill. 631; Farmers' Mutual Relief Assn. v. Koontz, 30 N. E. 145; Gibbs v. Dutchess County Mutual Ins. Co., 21 N. Y. S. 203; Titus v. Glens Falls Ins. Co., 81 N. Y. 410; Egan v. Aetna Fire & Marine Ins. Co., 10 W. Va. 583; The Oshkosh Gas Light Co. v. Germania Fire Ins. Co., 71 Wis. 454; Silverburg v. Phoenix Ins. Co., 67 Cal. 36, 7 Pac. 38; Kierman v. Ditchess County Mutual Insurance Co., 150 N. W. 180; Fidelity Mutual Fire Ins. Co. v. Murphy (Nebr.), 95 N. W. 702; Petroff & Company v. Equity Fire Ins. Co., 183 Ia. 906, 26 C. J. p. 323.

DILLON, J. The above three actions were consolidated. Defendants appeal to this court from the orders denying motions for a new trial and from the judgment. For convenience of reference the companies will be referred to as Baltic Company, Humboldt Company, and Commercial Company.

The policies in suit are known as South Dakota standard form of fire insurance. The policies contain this provision:

"This entire policy, unless otherwise proved by agreement indorsed hereon or added hereto shall be void if the insured now has or shall hereafter make or procure any other contract of insurance, whether valid or not, on property covered in whole or in part by this policy."

It is conceded that no agreement was indorsed or added to the policies in controversy consenting to the taking out of the policy upon the insured property in the Commercial Company which was written subsequent to the appellant's policies.

The insurance companies joined with the respondents in the employment of a contractor to make and report estimates of the

amount of the loss sustained by each of said companies; each of them was to contribute to the payment of a share of such services. On November 17, 1920, appellants and respondents and their attorneys met and agreed upon a settlement in effect that the Commercial Company should pay $6,264.80, although the face of its policy called for $7,300, and that the Baltic Company should pay the sum of $2,450, and Humboldt Company should pay on its first policy $2,627 and on its second policy $150.

The officers of the Humboldt and Baltic Companies with their attorneys then figured out the amount that each company should be liable for upon the same valuation used by the Commercial Company. On November 17th, after the agreement had been made by respondents and appellants, the Commercial Company paid to respondents its proportion of the amount of the loss. On December 1, 1920, in accepting this amount in settlement of the claims against the Commercial Company, respondents relied on the settlement made on November 17, 1920, and upon the promise of the Humboldt and Baltic Companies to pay the amount agreed upon by them respectively.

Appellants insist that the case of Hronish v. Home Insurance Co., 33 S. D. 428, 146 N. W. 588, is decisive of these cases. The real question involved in that case was that mere notice to the agent who issued the policy of the additional insurance was not a sufficient compliance with the policy which required such information to be attached and indorsed as a part of the policy, but in these cases it must be conceded that the officers of the companies had the power to issue policies, to adjust losses, to make settlements in matters of losses and when they did so their acts were binding upon their companies. The acts above detailed do not in any manner involve the power of the agent, and, having been instrumental in producing these results, they should not repudiate their own acts to the injury of the respondents.

With full knowledge of all the facts, they demanded the service of the proof of loss upon their attorneys, they joined in the employment of the contractor to estimate the loss, they agreed to the adjustment, and paid their share of the cost of making estimates, and agreed to pay their proportion of the loss. These acts constituted an inducement for respondents to make settlement with

the Commercial Company and they should not now be allowed to change their course of conduct when acted upon by others.

Appellants will not be allowed to induce respondents to believe they have a valid contract of insurance and to require them to expend time and money only to say that these contracts were void. To allow them to occupy such an inconsistent position would manifestly perpetrate a wrong that should not be visited upon one honestly claiming the validity of the policies.

Again it appears that the fire occurred on October 2, 1920, and that on October 13th proofs of loss were served under the first policy issued by the Humboldt company, and that on October 20th the Humboldt Company notified Thomas that it had made an assessment upon this policy and on October 25, 1920, respondent Thomas paid the full amount of the assessment so made.

"Where there has been a breach of a condition in a policy, and the insurer, with full knowledge of the facts, and without denying its liability on that ground, apparently recognizes the validity of the policy and requires the insured to furnish, and he does furnish at some trouble and expense, proofs of loss under the policy, the insurer is estopped to set up such a breach as a defense in an action thereon." 19 Cyc. p. 901.

An insurance company which, with knowledge of the facts entitling it to a forfeiture, participates in an adjustment of a loss amounting to a final understanding and agreement to pay a fixed sum under the policy, thereby inducing the insured to expend time, labor, and money in the preparation of proofs of loss and to make final adjustments and settlements with other insurers, is estopped from thereafter denying liability on its policy.

The assignments on other issues are rendered immaterial by our conclusions above announced, and we pass them without discussion.

The orders and judgments are affirmed.

Note.—Reported in 196 N. W. 299. See, Headnote, American Key-Numbered Digest, Insurance, Key-No. 397, 26 C. J. Secs. 419, 420.